## SUCCESSION OF FISK.

Where a testator leaves two wills, provisions in the first contrary to or incompatible with those of the last are considered as having been revoked, and for the purpose of ascertaining any such change of intention, the two wills are to be considered as distinct and as executed at different dates ; but the other dispositions must be considered as forming parts of one will.

Art. 1679 of the Code, which provides that "a testamentary executor to whom the testator has bequeathed any legacies, or other gifts by his will, shall not be entitled to any commission unless the testator has formally expressed the intention that he should have the legacies over and above the commissions," applies where the legacy was made by one will and the appointment of the executor by another, as well as to those cases in which the legacy and appointment were by the same testament.

One to whom a testator bequeaths the residue of his estate after the payment of a particular legacy, is entitled, as universal legatee, to the possession of the estate of the deceased, where there are no heirs to whom any portion of the testator's property is reserved by law. C. C. 1600, 1602. The only condition which the executor, from whom the seizin is claimed, can impose on the heir is, that the latter shall advance a sum sufficient to pay the moveable legacies. Creditors may claim security for their demands from the heir, previously to his taking possession (stat. 25 March, 1828, s. 15) ; but the executor cannot require that such security be given.

APPEAL from the Second District Court, of New Orleans, *Canon*, J. *Prentiss* and *Finney*, for the appellants. *Micou*, for the executor, *Watts*. The judgment of the court was pronounced by

KING, J. *Abijah Fisk* left two wills. In the first he named *Charles Watts* and *S. W. Fisk* as his executors, and made a bequest to *Charles Watts* of $5000. In the second, *Charles Watts* and *Alvarez Fisk* were named as the joint and several executors, and *Alvarez Fisk* was constituted his residuary legatee. After several years of administration *Alvarez Fisk* instituted the present proceeding to be put in possession of the whole estate of the deceased, as instituted heir and universal legatee, and to that end called on his co-executor to present an account of his administration. In compliance with this demand the co-executor, *Watts*, presented an account, exhibiting the entire assets and debts of the succession, and accompanied it with an answer, in which he avers that the succession has not been fully administered, and that large debts still remain unpaid, all of which are enumerated. He further denies that *Alvarez Fisk* is entitled to be put in possession as heir or legatee, until he shall have paid the debts of the deceased.

Among the debts stated in the account to be due are the following, viz : 1st. $10,000 to *C. Watts*, being the amount of his commissions as executor. 2d. $5000 to *C. Watts*, the amount of a legacy by the will. 3d. $242 76 commissions of executor upon the revenues derived from the property of the succession since the death of the testator. 4th. $100,000 due to the minor children of *Sereno Fisk*, in reference to which he asks the interposition of the court for the protection of the minors, and the security of their demand before giving possession to the plaintiff,

These items of the account were opposed by *A. Fisk*. The oppositions to the three first were sustained, on the ground that, the executor, *Watts*, as a

legatee of the deceased, was entitled to no commissions, and 'that the sum of $5000, which he admitted that he had received, was a discharge of the legacy. The opposition to the fourth was overruled, and *A. Fisk* was required to give security for the debt due to the children of *Sereno Fisk*, before entering into possession as heir. From this judgment he has appealed.

The appellee asks that the judgment be amended, by allowing him both his commissions and his legacy under the will. He contends that the article of our Code which excludes executors, who are legatees, from receiving commissions, applies only to executors appointed by the particular will in which the legacy is given; that the appointment of executors in the second will of *Abijah Fisk*, revoked the appointment in the first; and that the claims for commissions and for the legacy rest upon different and distinct wills, in consequence of which there is no legal incompatibility in the demands. He further contends that he has the right to relinquish the legacy and take the commissions, if he be not legally entitled to both.

It is true that when the testator leaves two wills, the clauses of the first which are contrary to or incompatible with those of the last, are considered as having been revoked ; and, for the purpose of ascertaining any such changes of intention, the two are to be considered as distinct, and as having been executed at different dates. But when the intentions of the testator have been ascertained by setting aside these clauses, which, under the application of this rule are to be annulled, the remaing dispositions are to be considered as forming parts of one will, which it becomes the duty of the executors to execute as such. But if this position admit of doubt, and the wills are to be considered as separate and distinct, we still think that, under the dispositions of the Code, the executor's demand cannot be sustained.

The 1679th article of the Code is as follows : " The testamentary executors, to whom the testator has bequeathed any legacies or other gifts by his will, shall not be entitled to any commission, unless the testator has formally expressed the intention that they should have the legacies over and above their commissions." This article cannot be considered as applying exclusively to the case of a single will, in which both the legacy and the executorship are given. Such an interpretation appears to us to conflict with its plain and obvious intendment. The language of the article is general, including within its terms all executors,whether they be legatees under one and the same will, or under different wills. Any legacy, in the words of the law, given by the testator to his executor, will exclude the latter from commissions, unless a contrary intention be expressed.

Executors are regarded strictly as mandatories, and, in the absence of express legislation, would be entitled to no remuneration for their services. Merlin, Rep. *verbo* Executeur testamentaire, § 2. Toullier, vol. 5, nos. 600, 602. The french Code makes no provision for the compensation of executors; consequently, under that system, the duties of the trust are gratuitously performed, unless the testator otherwise direct. Our law, differing from the french in this respect, has fixed the compensation of executors only in the event of the testator's silence. The testator must be presumed to know the law, and to be aware of this rule. If he make a bequest to his executor, this must be considered in law equivalent to a declaration of his intention that the legacy shall stand in lieu of commissions. It is the compensation which he fixes for the services to be rendered by his executor, which can neither be increased nor diminished. The executor is not compelled to accept the trust ; but, if he act, no option is left to him ; he can receive no other compensation than that fixed by the testator him-

self. No intention having been declared by the testator that the legacy should be exclusive of commissions, the district judge did not, in our opinion, err, in rejecting the claim, and in holding that the sum of $5000, received by the defendant, was a payment of the legacy.

The next question presented, relates to the right of *Alvarez Fisk* to be placed in possession without furnishing security, while debts of the deceased remain unpaid. It is denied that he is the instituted heir or universal legatee of the deceased. He is, however, as we have seen, the residuary legatee. It is not necessary to determine whether any difference exists between the rights of universal and residuary legatees. Those differences can have no application to a contest like the present, relating exclusively to the right of possession. Toullier, vol. 5, no. 506· states, that the right of the legatee to the universality of the testator's effects, gives to the bequest the character of a universal legacy. The same author says, if the testator first give a particular legacy, and then bequeath the surplus or residue of his estate to another, the latter will be an universal legacy. Vol. 5, no. 513. This is what occurred in the will now under consideration. The terms, to a certain extent at least, are convertible. See also 12 Rob. 66.

As universal legatee the plaintiff is entitled to the possession of the estate of the deceased, there being no heirs to whom a proportion of the testator's property is reserved by law. C. C. arts. 1600, 1602. The only condition which the executor, from whom the seizin is claimed, can impose on the heir is, that the latter shall advance a sum sufficient to pay the moveable legacies, and none such appear in the present instance to remain unpaid. Creditors, it is true, may claim security for their demands from the heir, previous to his taking possession; but none have appeared and insisted on the right. Acts of 1828, p. 156, § 15.

The children of *Sereno Fisk* are not the legatees of *Abijah Fisk*, but merely the creditors of his succession. It is assumed in the arguments submitted that they are legally represented, yet they have not intervened in this litigation, nor asked security from the plaintiff. No authority is conferred on the executor to claim a complete administration before surrendering possession to the heir or legatee, nor to interfere in behalf of the creditors.

A case has not, in our opinion, been presented, which authorizes the court to interfere, *ex officio*, for the protection of these creditors, particularly as no question has been raised as to the solvency of the plaintiff, and no fact disclosed which justifies the conclusion that the debt would be unsafe in his hands without security. It is rather to be presumed that the creditors confide in the ability and disposition of the plaintiff to pay the debts of the succession, and for that reason have abstained from asking security.

The district judge directed the creditors of the succession to be paid in accordance with the account presented, as amended by his decree. This order was, in our opinion, not authorized by the nature of the proceeding, which had not for its object the settlement and liquidation of the affairs of the succession. Two of the creditors appear to have become parties without objection, and no opposition is made to the affirmance of the judgment, as far as relates to them. As regards the remaining creditors, who were not parties to the litigation, we think the judgment was erroneous.

It is, therefore, ordered that the judgment of the court below be affirmed, so far as it rejects the claim of the defendant, *Charles Watts*, for commissions, and decrees the sum of $5000 received by him to be a discharge of the legacy, and so far as relates to the oppositions of the Commercial Bank, and the mayor,

aldermen, and inhabitants of New Orleans, creditors who have become parties to this proceeding. In other respects the judgment is reversed; and it is ordered that the plaintiff, *Alvarez Fisk*, as universal legatee of *Abijah Fisk* deceased, be put in possession of the succession of the deceased without furnishing security for the payment of the claims of the children of *Sereno Fisk*, or other creditors; the succession of *Abijah Fisk* to pay the costs of both courts.