## No. 8221.

## M. Dreyfus, Executor, vs. Richardson & May.

A creditor of the heir of an estate, to whom the latter has granted a special mortgage upon the property thereof, cannot proceed *via executiva* and have that property seized and sold, while the succession, of which it forms part, is still under administration, so as to strip the Administrator of the possession necessary for a liquidation of the affairs of the estate.

APPEAL from the Eighth Judicial District Court, parish of East Carroll. *Montgomery*, Judge *ad hoc*.

---

*F. F. Montgomery* for Plaintiff and Appellant:

An executor in undisputed possession of real estate belonging to the succession he is administering should enjoin the seizure of such real estate, when threatened for the debt of a third person. C. P. Arts. 303, 398 and 399; 6 N. S. 311.

In such case, it is not necessary to wait until an actual seizure is made, but he may enjoin to prevent the property from being seized and taken out of his possession. 6 N. S. 311.

He can and should enjoin against any act which would work an irreparable injury to the heirs and creditors of the succession.

Dreyfus, Executor, vs. Richardson & May.

*W. G. Wyly* for Defendants and Appellants:

First—An heir may sell or mortgage his residuary rights in a succession. See Smith & McKenna vs. Edwin Charles, 27 An. 503; 30 An. 1067; 31 An. 741; Tugwell vs. Tugwell, 32 An. 849.

Second—The holder of such mortgage title may foreclose the same, notwithstanding the succession is still under administration.

Third—The dative executor, representing the succession, cannot enjoin the sale of the heirships, because he is wholly without interest to interfere with the vendication or revendication of these residuary rights, which form no part of the estate committed to his care.

Fourth—As a third party, without interest, the dative executor of James H. Wilson can raise no question touching the disposition of the heirships thereof, bought by Frank Wilson and by him hypothecated to secure the notes sought to be foreclosed. See the cases collated in Hennen's Digest, page 1123, sec. 12.

Fifth—It is premature for a third party to enjoin a writ until a seizure is made, or some of his rights actually assailed; he cannot enjoin the clerk from issuing the process of the court.

Sixth—The highest damages will be awarded where no legal grounds are shown for the injunction. 11 R. 486; 2 An. 360; 5 An. 155; 8 An. 457; 10 An. 412, 570; 12 An. 88, 168, 193, 237; 14 An. 116.

Seventh—The fees of an attorney may be allowed as special damages. 5 L. 246; 2 L. 102; 14 An. 333.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J.   On the first of May, 1878, L. H. Holt assumed to sell to Frank Wilson, for $30,000, all and singular his undivided interest in and to the lands and real property belonging to the estate of James H. Wilson, deceased, acquired by him from James H. Wilson, Jr., one of the heirs of the latter, and from Lula B. Farish, another heir of the same person.   The act contains a description of the lands and real estate in question.

In order to secure the payment of the notes issued to represent the price, vendor's privilege was retained on what was sold, and a mortgage was consented on the same object, and besides on the undivided interest of the purchaser, also an heir, in and to the described property.

At the maturity of one of the notes, for $10,000, the defendants instituted executory proceedings, averring that the plaintiff herein was the dative executor of Frank Wilson, who had since died, and asking that said property be sold to satisfy his claim, in capital and interest, and further praying for all necessary orders and for general relief. Upon the petition, accompanied by the note and act of sale and mortgage, the court made an order granting the prayer, and ordering that the mortgaged property be *seized* and sold for cash, etc., to pay petitioner.

Thereupon, a notice was issued by the clerk of the court to the dative executor, in the usual form, with the admonition that, if within three days the claim be not satisfied, the mortgaged property would be *seized* and sold according to law.

Within the delay, M. Dreyfus, who is also the dative executor of James H. Wilson, sought and obtained an injunction, to prevent the execution of the order of seizure and sale, on the main ground, that the property described in the proceedings and against which the writ is directed, belong to the succession of James H. Wilson, and is in his possession and control, for the purpose of the liquidation of the affairs thereof, and that the pretended sale thereof by Holt to Frank Wilson, or by other persons to Holt, was illegal, null and void, and is not sufficient to base the executory process upon. He concluded by praying that the property be decreed to belong to the succession of James H. Wilson and to remain in his lawful possession; that the order of seizure and sale be declared illegal and null; that the injunction be perpetuated, and that there be judgment against Richardson & May for costs of the proceeding.

The defendants answered, averring absence of right or interest in M. Dreyfus, as dative executor of James H. Wilson; setting forth the validity of their claim and security; and praying for a dissolution of the injunction, with damages against the principal and surety on the bond.

The case was tried. From a judgment dissolving the injunction, as having prematurely issued, and refusing damages, both parties have appealed.

A good deal has been said and written, touching the right of the heirs of James H. Wilson to sell to Holt the interest which it is alleged they have, and of Frank Wilson to have affected the interest which it is said he has.

Whether they had or not the right to do as they have done, whether the defendants be or not creditors of Frank Wilson's succession and have or not the security which they claim to have, is not at all the question decisive of the case, although it may be considered as raised by the pleadings.

It is worthy of note that M. Dreyfus, who is the dative executor of both Frank Wilson, the son, and of James H. Wilson, the father, is not a party to the present suit, as he distinctly appears therein *only* as dative executor of James H. Wilson. The defendants have not brought him as dative executor of Frank Wilson. So that, on the one hand, he has no right to speak and does not utter a word on that last capacity, and on the other, no judgment can be rendered recognizing the validity or declaring the nullity of the claim and mortgage on which the executory proceedings issued.

Going to the length, however, *arguendo*, that James H. Wilson had left but one heir, and that the latter, being of age, had borrowed money and, to secure the payment of it, had mortgaged, not his interest in *this* and in *that* piece of real estate, composing in part the succession accru-

ing to him, but the entirety, *as a unit,* of his right of inheritance or of his interest in his father's succession, the question which arises is:

Whether the holder and owner of such claim and security, however legal the same may be, can proceed *via executiva* and have the property composing the security,. *seized* and sold, while the succession, of which that property forms part, is still under administration, so as to strip the succession representative of the possession to which he would otherwise be entitled for a liquidation of the succession affairs ?

The law negatives the question.

It is manifest that what the heir himself could not do, his transferee, or creditor, cannot do.

It is settled by adjudications as numerous as mile-stones on the highway, that, as long as the succession of the ancestor is under administration for the purpose of paying debts and legacies, if there be any, the heirs cannot dispossess the succession representative without first tendering the amount necessary to pay the charges of the succession.

It is optional with them to do so or not, but they cannot take away the seizin without complying with this essential prerequisite.

R. C. C. 1671, 1678, 1679, 940, 941; 5 L. 106; 5 An. 645; 12 An. 611, 864; 14 An. 14; 13 An. 582; 2 An. 923; 21 An. 278; 24 An. 270; 25 An. 56, 220; 27 An. 503; 29 An. 347; 30 An. 93, 128, 1067; 31 An. 493; 32 An. 849; No. 8180, not yet reported.

In the case of Deblieux & Co. vs. Hotard, 31 An. 194, the Court, Spencer, J., said :

" The substance of the motion is to take the property out of the hands of one officer, the executor, and to put it in the hands of another officer, the sheriff.

It is manifest that, until said succession is administered and its debts and legacies paid, the executor cannot be compelled to surrender the property or any part thereof.

It is equally manifest that until said succession has been partitioned among the heirs or their assigns, no specific sum or thing can be turned over to Joseph Hotard, much less an undivided tenth of an aggregation of things. What authority or mission have the executor of the deceased and the creditors of one heir to ascertain, fix and determine the amount or things to be turned over to that heir in a proceeding to which the other heirs are not parties ?

If, therefore, the plaintiffs have by their garnishment made a valid seizure (upon which we express no opinion), they can suffer no injury by the property being left in the hands of the executor, to be by him administered under supervision of the court, to the end that the debtors' interest therein may be ascertained, fixed and determined. If the seizure is valid, it is not, nor is the privilege resulting therefrom, impaired by

leaving the property where it ought to be, in the hands of the executor. No irreparable injury can result therefrom."

The record shows that in this case the succession of James H. Wilson is under administration. It does not show that James H. Wilson, Jr., Lula B. Farish and Frank Wilson, were the only heirs of James H. Wilson, and that the defendants, who claim through them, have ever tendered to the dative executor the amount necessary to discharge the debts and legacies, if any, burdening the estate of James H. Wilson.

We attach no importance to the statements made on behalf of the defendants, that they have not sought or in any manner pretended to interfere with the administration of the succession of James H. Wilson, or with the corporeals thereof in charge of Dreyfus, executor.

The order made by the court in the petition for executory process, is that the property be *seized* and sold; the notice served on the dative executor is, that unless the amount claimed be paid, the property will be *seized*.

The dative executor of James H. Wilson had a right to apply, when he did, for an injunction to prevent the issuing and execution of the writ. Had he not acted as and when he did, the three days would have gone by, the writ would have issued and the sheriff would have proceeded to its execution and consummated the same, by taking into his possession the real estate described in the proceedings. He would have been as uninformed as we are of the number of heirs left by James H. Wilson, and his duty would have been to dispossess the dative executor, under the order of the court, under the writ and in presence of the silence and, as it were, the acquiescence of that succession representative. 6 N. S. 311; 2 An. 293; 4 An. 169; 6 An. 129; 10 An. 723; 13 An. 582; 21 An. 149.

Had not the *fiat* of the judge ordered and the notice announced the *seizure* of the property, and had the defendants signified to the executor that no seizure would take place, quite a different case would be presented.

We have studiously avoided expressing any opinion on the validity of the claim and security asserted by the defendants, for the reason that we do not consider that the parties contradictorily with whom the matter could be adjudicated upon are now before us.

It is, therefore, ordered and decreed that the judgment of the lower court be reversed, and proceeding to render such judgment as should have been rendered,

It is ordered, adjudged and decreed there be judgment in favor of plaintiff only so far as to decree that the injunction herein issued remain in full force and effect as long as the succession of James H. Wil-

son shall be under administration; that, in other respects, the petition be dismissed; and now, considering the demand of defendants,

It is further ordered, adjudged and decreed that all their rights, if any, to the claim and security set up by them, be reserved, and that their prayer for damages be denied.

It is further ordered that the defendants and co-appellants pay costs in both courts.

## On Application for a Rehearing.

It is claimed that we fell into an error when we stated that both parties had appealed.

To establish this complaint, the learned counsel for the defendants states that his clients were the only appellants; that the plaintiff failed to prosecute and abandoned his appeal, having filed no transcript in this Court.

In verification of those statements, the counsel has made *affidavit since* the decision of the cause, and calls our attention to the facts sworn to by him, as also to the certificate of the clerk of this Court, which is to the effect, that the transcript in this case was filed, and that the deposit for costs was made by the counsel.

Had the filing of the transcript been a qualified one by the counsel for the defendants and appellants, for their exclusive benefit, and in no way for the advantage of the plaintiff, or had the *affidavit* and the certificate now before us been previously seasonably submitted, or even had our attention been called to the fact proposed to be proved, during the argument of the cause, contradictorily with the counsel for the plaintiff, we would have given the matter our consideration, and would have determined whether the plaintiff was or not entitled to an amendment of the judgment; but nothing of the kind was done. The transcript was filed without any qualification, and the case was argued and submitted without any notice to us.

In the absence of either of those showings, and finding in the transcript a motion of appeal on behalf of plaintiff, and an order granting him both a suspensive and a devolutive appeal, fixing the amount of the bond to be given in either case; finding two bonds furnished accordingly by the plaintiff; finding the transcript filed at the proper time, in this Court, without any restriction or admonition to the contrary, we were fully justified in considering and declaring that the plaintiff had appealed and had perfected his appeal. We fell into no error. Having, therefore, decided correctly, we cannot admit that we have gone astray, and will not, therefore, recall our ruling on that ground. The objection, even if founded, comes too late.

The next complaint is, that we did not recognize the right of the defendants to *seize and sell the heirships* of three heirs of James H. Wilson in his succession.

We could not and did not rule on the question, for the plain reason that the representative of the succession of Frank Wilson, an indispensable party, was neither a voluntary nor a forced party to the *present* proceeding, although he was made such in the seizure and sale case. We have not made the slightest intimation susceptible of alarming any one, to the effect that an administrator can or cannot enjoin the sale of one or more heirships; or that an heirship in and to an entire succession is or not a thing susceptible of sale and mortgage, or that the heirships in the estate of James H. Wilson could or not be sold and mortgaged, separate and apart from the effects of the succession.

Were the representative of the succession of Frank Wilson a party to this proceeding; were the correctness of the propositions of law contended for conceded, the query, in point of fact, would simply be, whether any *heirship* was or not sold and mortgaged by the act relied upon; or whether the undivided, *undefined,* interest or share of one or more heirs, in *two* specific pieces of real estate, forming part of the succession assets, was or not what was sold and mortgaged.

As the authors of the defendants have covenanted and have bound themselves, so those holding under them are held.

It is not for us to suggest any mode of relief to the defendants in this case. They claim to be creditors of Frank Wilson. Either their claim is acknowledged by the dative executor or otherwise liquidated, or it is not. If it is, then they can inquire into the affairs of the estate. If it is not, the law points out the remedy to procure a recognition and liquidation. In either case, they surely can protect and secure themselves against maladministration by the succession representative.

It is singular, however, that they have allowed, or do permit the same person to occupy two antagonistical positions, which may be filled prejudicially to their interest; but it is not within our power, in the absence of that person as the representative of the succession of Frank Wilson, to pass upon the validity of the claim and security asserted by the defendants, touching which we made ample reserves.

The application for a rehearing is, therefore, refused.