No 9728.

SUCCESSION OF KATE TOWNSEND VS. TROISVILLE SYKES ET AL.

The testamentary executor of the will of a decedent, who has been judicially recognized, and who has qualified as such, and who is also universal legatee under the will, cannot at his option shift his position without the sanction or authorization of the court and assume or exercise rights of ownership of the property of the succession.

Hence a sale of succession property made by such executor under such circumstances, transfers nothing and no rights to the purchaser, and is null and void.

The holder of the property under such a title must account for rents and revenues of the same during the whole time of his possession.

APPEAL from the Civil District Court for the parish of Orleans. Monroe, J.

Breaux & Hall for Plaintiff and Appellee.

H. C. Cage and A. J. Murphy, for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. This is an action by the dative testamentary executor for the purpose of annulling and setting aside the sale of a valuable piece of immovable property, which has ostensibly been sold by the defendant Sykes, who had been appointed testamentary executor and universal legatee by the last will of the deceased.

The purchaser, who had called Sykes and his mother in warranty, and the warrantors have taken this appeal from a judgment which

annuls the sale, and decrees the property to belong to the succession, as though no sale thereof had been made or attempted.

The record shows that Kate Townsend died on the 3d of November, 1883, and that her last will was presented for probate by Sykes on the 6th of the same month; and that on the 12th of the month the will was ordered to be probated by the court.

The order contained the following qualification or restriction: "It is further ordered that no application on the part of Troisville Sykes to be put in possession of the estate of the decedent be granted until after a petition and citation be served on the attorney of absent heirs and public administrator, and a due hearing of the matter before this court be had."

Acting on the order as an entirety, Sykes qualified as executor, and continued his functions as such until the 27th of April, 1885, when he was removed from the executorship by a decree of this court. 37 Ann. 405, succession of Kate Townsend.

In the meantime Sykes appeared before Andrew Hero, Jr., a notary public, and declared his intention of accepting purely the legacy contained in the will of the decedent, in his favor, and proceeded to take possession of all the property depending upon the succession.

This act, which was executed on the 29th of November, 1883, had been preceded by another act before the same notary, under date of November 6th, in which Sykes had made a transfer of all the immovable property left by Kate Townsend to his mother, in consideration of $1000 * * and of the love and affection which he entertained for her. It then appears that on the 27th of November, Sykes and his mother joined in an act, before the same notary, for the purpose of transferring one of the pieces of immovable property, inventoried in the succession of Kate Townsend, to Leon Lamothe, the principal defendant in this suit.

From the foregoing recital of the salient facts and proceedings which have a direct bearing on the issue presented by the pleadings, it appears that Sykes has never applied for, or obtained from the court, any order recognizing him as the universal legatee of the decedent and placing him in possession of any of the property of the succcession.

It therefore appears that his only connection with the succession, under judicial orders, was as testamentary executor, and that, without seizin of the property, as shown by the restriction contained in the decree which ordered the probate of the will of the decedent, and recognized him as testamentary executor.

We must note that in this suit, the right of Sykes to be recognized

as universal legatee is seriously contested for reasons which we need not enumerate here, as that issue was not tried, and is not decided in the judgment now on appeal.

The issue which we must consider is thus restricted to the question of the right of Sykes, who had accepted the trust of, and had qualified as executor, to dispose of the property of the succession as universal legatee under the will, for his own advantage, regardless of the condition, rights or *status* of the succession.

It is elementary in our law and jurisprudence that the duly qualified executor under a will, becomes the officer of the court, for the administration of the property of the succession, and that he can perform no legal or binding acts touching such property, without the sanction of the court having jurisdiction over the estate; and that an executor who has accepted the trust, and qualified as such, and who is at the same time universal legatee, cannot, at will, and witwout the sanction or authorization of the court, shift his position, abandon the trust, accepted at the hands of the court, and assume the character and exercise the rights of owner, as universal legatee. C C. 3480, Bird vs. Succession of Jones, 5 Ann. 643; Succession of Frazier, 35 Ann. 382; Succession of Kate Townsend, 37 Ann. 405.

In the last case quoted, the very issue herein presented was discussed in connection with the removal of Sykes as executor of this succession, and our disposal of it in the following language:

" As to his defense that he is the universal legatee of the deceased; that he has taken possession as such of the assets of the succession, which was thereby so effectually closed that the court ceased to have any further jurisdiction over the matter, it suffices to say that it is untenable.

" An executor who has qualified, and who is, at the same time, universal legatee, cannot, by any act purely his own, cease to be executor and represent himself as the sole heir. He cannot be permitted to deny his capacity as executor by setting up that he has accepted unconditionally as universal legatee and holds the estate, not as executor, but as owner."

These considerations lead to the conclusion in this case that Sykes had no legal right or authority to dispose, as he attempted to do, of the immovable property of the succession of Kate Townsend, and that Leon Lamothe acquired no title or ownership to the property in suit, which has never ceased to belong to, and to form part of, said succession.

Plaintiff had joined to his action a demand for the rents and reve-

nues of the property from the 14th of December, 1883, until it be restored to the succession, and the record shows that the property rents for $75 a month.

The district judge allowed rents at that rate from the date stipulated, but only to the date of the institution of this suit.

But the rents, which in the meantime continue to run, are surely the property of the succession, hence appellee's motion for an amendment of the judgment in that particular, must be favorably considered, as a decree conforming thereto will obviate the necessity of a separate and additional suit for the recovery of rents from the 4th of May, 1885, when this suit was instituted, up to time at which the succession will be restored to its lawful possession of the property.

It is therefore ordered that the judgment appealed from be amended so as to condemn the defendant Lamothe to pay to the succession rent at the rate of $75 a month from December 15, 1883, until he delivers the property to the succession, and that as thus amended, said judgment be affirmed with costs in both courts.