Succession of Thomas Duffy.

## No. 12,715.

### SUCCESSION OF THOMAS DUFFY.

| 50 | 795 |
| 51 | 1307 |
| 50 | 795 |
| 52 | 1140 |
| 50 | 795 |
| 104 | 319 |
| 104 | 577 |
| 50 | 795 |
| 105 | 668 |
| 50 | 795 |
| 112 | 133 |

#### ON MOTION TO DISMISS.

The Supreme Court does not anticipate on a motion to dismiss, the issues which the appellant proposes to submit to it. On a trial of the merits it can announce certain issues as not having been properly brought up on appeal, and others as having no merit. Appeals are frequently dismissed after hearing when it would be improper to dismiss them on a motion *in limine*. Brown vs. Land Company, 49 An. 1780; Saw-Mill Manufacturing Company in Liquidation, 48 An. 715.

Where the matter before the Supreme Court is an appeal by a creditor of a succession, which is, still under administration, from a refusal by the District Court to order the administrator or executor to file an account, the appellate jurisdiction of the court is tested by the value of the succession, not the amount of the claim of the creditor asking the account. It is the right to the account, and not the effect of the account which is the matter in dispute. 35 An. 19; 38 An. 244; 48 An. 418.

#### ON THE MERITS.

Under our law the right of the heirs to be recognized and put in possession is not dependent upon or deferred until the executor files his account; they may require or waive. Code of Practice, Art. 1003 *et seq.*; Civil Code, Art. 1671; Revised Statutes, Sec. 3678; Succession of Fisk, 3 An. 707.

When the heirs have been recognized and put in possession the creditors of the succession can not require the executor to file an account, but must seek payment of their debts from the heirs.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Wynne Rogers* for Plaintiffs in Rule, Appellants.

*Geo. W. Flynn* for Defendant in Rule, Appellee.

#### ON MOTION TO DISMISS.

Submitted on briefs January 10, 1898.
Opinion handed down January 24, 1898.

#### ON THE MERITS.

Argued and submitted May 19, 1898.
Opinion handed down May 30, 1898.

### ON MOTION TO DISMISS.

The opinion of the court was delivered by

NICHOLLS, C. J.   On the 29th of October, 1897, upon the applica-
tion of Rogers and Dodds, a rule was served upon John Fitzpatrick,
as testamentary executor of the last will and testament of Thomas
Duffy, to show cause why he should not, as such testamentary execu-
tor, file an account of his administration of said estate, and place
movers on said account as a privileged creditor, for the full sum of
fifteen hundred dollars, for professional services.

The rule issued upon allegations of the movers that they were
creditors of the succession of Duffy in the sum of fifteen hundred
dollars, for services rendered in the opening of said succession and
probating the last will of the deceased.   That John Fitzpatrick was
duly appointed and qualified as the testamentary executor of said
last will and testament; that he had failed to furnish and file an
account of his administration of the property and effects of said suc-
cession and had no intention of filing the same.

The defendant in rule answered:

1. That the succession of Thomas Duffy was closed, and defendant
was without the right or authority to file an account, the heirs hav-
ing been put into possession by judgment of the court, rendered and
signed on the 4th of October, 1897.

2. That plaintiffs in rule had mistaken their action, as the rule
taken was not the *proper* remedy.

3. That defendant had no right as an individual to file an account
after the heirs had accepted unconditionally.

He prayed to be dismissed with costs.

The District Court on hearing sustained the exceptions and dismissed
the rule without prejudice to movers to bring a direct action for the
alleged claim against the heirs of the deceased, or the executor of
the succession, or both.

Plaintiffs in rule appealed.

Appellee moved in this court to dismiss the appeal on the following
grounds:

1. The Supreme Court is without jurisdiction, as the only question
for consideration is the right of plaintiffs in rule to compel a settle-
ment of their claim for fifteen hundred dollars by compelling the
filing of an account in a succession which has been finally disposed

of by a final judgment, putting the heirs into possession in accordance with the plain provision of the law.

2. The rule taken herein is not in the nature of a *concurso*, no account has been filed and on the face of the judgment putting the heirs into possession no account could be filed, as there is no one authorized or empowered to render and file an account. The motion, therefore, of the plaintiffs in rule must be considered as a separate and independent measure for the collection of the amount claimed by them, and the amount of the claim, fifteen hundred dollars, must determine the question of jurisdiction.

3. The final judgment putting the heirs in possession is conclusive as to all matters connected with the succession, and the amount of the inventory which had been settled by said judgment can not be taken into consideration in fixing the jurisdictional limit.

4. The plaintiffs in rule being the only creditors, the amount of their claim must determine the question of jurisdiction.

Of the various assigned grounds for the dismissal *in limine* of this appeal, the only one which, in our opinion, can be properly considered at this time is that in which it is urged that we have no jurisdiction of the cause by reason of the amount involved in the controversy.

The other reasons set up will be passed upon hereafter, after we shall have examined into the issues and facts of the case as disclosed by the record. As we said *In re* Saw-mill Manufacturing Company, 48 An. 714, "should the case be one where either improper issues or untenable issues be presented, appellee will suffer no injury by having our conclusion announced after full presentation."

With respect to the jurisdictional question, we have to deal with matters for the time being on the theory of appellant being a creditor of the succession for fifteen hundred dollars, and of the succession being still in the hands of the executor. The matter before us, therefore, takes the shape of an appeal from the refusal by the court of an application made to it by a creditor of a succession which is still under administration for an order to compel the succession representative to render an account as such. The succession exceeds in value the amount necessary to give this court appellate jurisdiction, should the value of the succession be the fact which is determinative of the jurisdiction.

No decision upon this precise point has been cited to us, and we know of none ourselves.

The proceeding in its features is akin to an application made by a creditor of a succession to have it placed under administration.

In such case the value of the succession, and not the amount of the claim of the creditor, would be the test of jurisdiction.

If the necessity for an administration were called in question, "the right to an administration," and not the ultimate result of that administration in its bearings upon the applicant, would be the matter in dispute.

So here the "right to an account," and not the effect of an account is the matter at issue.

We are of the opinion that if there be on the part of a succession representative a liability to account, that liability is entirely independent of the amount of the claim which may be held by the party who asks the enforcement of the right of account.

A party holding a claim for a hundred dollars is as much entitled to call for an account as one holding five thousand dollars, if the liability to account exists at all (R. S. S., Sec. 8). Whenever an application is made to a court for an order bearing upon the succession in its entirety we must, by reason of the subject matter of the application, rest our jurisdiction upon the value of the succession. Succession of Thomas, 35 An. 19; Succession of Bedford, 38 An. 244; Succession of Rose, 48 An. 418.

The motion to dismiss is overruled.

### ON THE MERITS.

The opinion of the court was delivered by

MILLER, J. This appeal is by the plaintiffs in the rule on the testamentary executor of the deceased to compel him to file an account with the view to the payment by the executor of the fee of plaintiff as attorneys of the succession. The judgment of the lower court dismissed the rule on the ground that the heirs of the deceased had been put in possession on their application for that purpose to the court.

It is urged that the plaintiffs in rule, as creditors of the succession, have the right to compel an administration by the executor, and the payment of their demand in due course of his administration; hence, are entitled to call for his account as executor, of which they can not be deprived by the *ex parte* order recognizing the heirs and putting them in possession of the property of the succession. In this con-

nection we are referred to the decision in the Succession of Sterry, 38 An. 854. In that case the executor had rendered an account under the order of the court, and it was opposed by the creditor. The court held that though the account was directed to be rendered on the application of the heir, and though they were recognized and ordered to be put in possession, still a creditor could oppose the account. Here, no account has been called for by the heirs; none has been filed, but the heirs have been content to go at once in possession. Under our law the right of the heir to possession, notwithstanding there is an executor, is conferred on the conditions only that the heir will furnish the money to pay the movable legacies, and give security to creditors in pending suits, if the creditors require it. Civil Code, Art. 1671; Revised Statutes, Sec. 3678; Succession of Fisk, 3 An. 707. The heirs are bound for the debts. But, under our Code, their right to possession is not dependent on the account to be filed by the executor; in other words, without any such account they are entitled to possession, and when put in possession the administration of the executor ends. No account can be required of him by creditors, but the law preserves their full recourse on the heirs and to that relief we must remit plaintiff in rule.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.