(52 South. 175.)

No. 17,837.

Succession of BURBANK.

(April 11, 1910.)

*(Syllabus by Editorial Staff.)*

1. EXECUTORS AND ADMINISTRATORS (§ 314*)—
RIGHT TO POSSESSION OF PROPERTY OF SUC-
CESSION.

A petition by some of the heirs for a judg-
ment putting the heirs in possession of the prop-
erty of the succession on a compliance with
Rev. Civ. Code, arts. 1012, 1671, denying to the
heirs the right to take the seisin from the execu-
tor without leaving in his hands a sum suffi-
cient to pay the movable legacies and giving
bond to meet the claims of creditors of the suc-
cession, cannot be defeated on the ground that
the only way in which the amount which the
executors must be left in possession of can be
ascertained by the executors filing an account;
for, though Code Prac. art. 1000, imposes on the
executors the obligation to file an account, it
does not impose on the parties the expense of a
settlement in court, when they can effect one
out of court, and where the unpaid legacies and
claims against the succession are known, and
the only dispute is over the proper amount to al-
low inheritance taxes and fees, the court should
order the executors to retain an amount suffi-
cient to pay the claims as made and the lega-
cies and the highest possible amount that may
be due for taxes, and then put the heirs in pos-
session of the remainder of the property.

[Ed. Note.—For other cases, see Executors
and Administrators, Cent. Dig. §§ 1274–1297;
Dec. Dig. § 314.*]

2. EXECUTORS AND ADMINISTRATORS (§ 314*)—
RIGHT TO POSSESSION OF PROPERTY OF SUC-
CESSION.

Executors cannot by agreement among
themselves divest their seisin as executors, and
turn the property over to themselves as heirs,
and with or without such an agreement the
court may not divest the seisin of the executors
without a compliance on the part of the heirs
with Rev. Civ. Code, arts. 1012, 1671, and with
or without such an agreement the right of the
heirs to be put in possession on compliance there-
with is absolute.

[Ed. Note.—For other cases, see Executors
and Administrators, Cent. Dig. §§ 1274–1297;
Dec. Dig. § 314.*]

Appeal from Civil District Court, Parish
of Orleans; George H. Theard, Judge.

Petition by T. Scott Burbank and others,
children and legal heirs of Edward W. Bur-
bank, deceased, against Nellie G. Burbank,
for judgment putting the heirs in possession
of the property of the succession. From the
judgment, all parties appeal. Reversed and
remanded.

Alfred E. Billings and Charles S. Rice, for
plaintiffs. J. Zach Spearing, for defendant.

PROVOSTY, J. Three of the children and
legal heirs of the de cujus, two of whom
are also executors under his will, filed a pe-
tition in the succession proceedings asking
that their sister, coheir and coexecutrix, be
cited, and that there be judgment recogniz-
ing the parties as the legitimate children and
sole heirs of the de cujus, and putting them
in possession of the property of the succes-
sion, upon their complying with articles
1012 and 1671 of the Code. These are the
articles which deny to the heirs the right
to take the seisin from the executor with-
out leaving in his hands a sum sufficient to
pay the movable legacies and giving bond to
meet the claims of the creditors of the suc-
cession.

The defendant contends that the only way
in which the amount which the executors
must thus be left in possession of can be as-
certained is by the executors filing an account.
We know of no law which so requires. Ar-
ticle 1000 of the Code of Practice imposes
upon the executors the obligation to file an
account when required; but it does not im-
pose upon the parties the trouble and ex-
pense of a settlement in court when they can
just as well effect one out of court. Suc-
cession of Duffy, 50 La. Ann. 795, 24 South.
277.

In the present case the assets amount to
$380,570. The unpaid legacies and claims
against the succession are as well known

now as they ever will be. They are a $100 legacy for the care of the tomb of the de cujus, and the fees of the notary who took the inventory, and of the attorney of the defendant executrix, and possibly a few dollars of inheritance tax. The real and only trouble between the parties is over the proper amount to allow for the said fees. The trial court should have ordered the executors to retain an amount sufficient to pay the claims as made and the legacy and the highest possible amount that could be due for taxes, and have put the heirs in possession of the remainder of the property.

The petition also alleges an agreement on the part of the defendant coheir and executrix that the heirs should be put in possession at once, and we find that there was such an agreement; but we do not see what it has to do with the case, unless as a general waiver on the part of the defendant of any right she might have had as heir to demand an account of her coexecutors—a barren right, since there would have been nothing to account for. The said agreement cannot be given any greater effect than this; for the executors cannot by agreement among themselves divest their seisin as executors and turn the property over to themselves as heirs. Townsend v. Sykes, 38 La. Ann. 859; Succession of Kate Townsend, 37 La. Ann. 405. With or without such an agreement, the court is powerless to divest the seisin of the executors without compliance on the part of the heirs with articles 1012 and 1671, supra; and with or without such an agreement their right to be put in possession upon compliance with said articles is absolute.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that this case be remanded, with instructions to the lower court to proceed in accordance with the views expressed in the foregoing opinion.