LAND, J.
T. Scott Burbank died in Temple, Tex., on May 10, 1910, leaving a last will and testament, of date March 22, 1910, which was duly probated in the county court of Bell county, Tex., on -June 14, 1910. Burbank was a widower, and left a minor daughter, Mary S. Burbank, as his sole heir at law. The executors named in” the will, on June 22, 1910, presented to the civil district court for the parish of Orleans a duly exemplified copy of said will, and of the probate thereof, and prayed that the same be duly registered, and that they be recognized as executors on qualifying according to law.
T. Scott Burbank had been for many years a resident of the state of Louisiana. On June 6, 1910, Mrs. Nellie C. Dodge, a sister of the deceased, instituted proceedings in the civil district court for the parish of Orleans for'the appointment of a tutor and under-tutor to her minor niece, Mary S. Burbank. In her petition, Mrs. Dodge alleged that her deceased brother was domiciled in New Orleans' at the time of his death. On June 10, 1910, Mrs. Josephine Ernst, the maternal grandmother of the minor, intervened, praying to be confirmed and appointed tutrix. On June 17, 1910, judgment was rendered, appointing Mrs. Ernst tutrix as prayed for, and, she having duly qualified, letters were issued to her as tutrix on June 21, 1910. The inventory taken in the proceedings showed that the estate of the late T. Scott Burbank in Louisiana consisted of his undivided one-fourth interest in the estates of his deceased father and mother, the late E. W. Burbank and wife, estimated at $400,902.52.
It therefore appears that when the alleged Texas will was presented for registration and execution on June 22, 1910, the estate of the decedent in Louisiana was in custodia legis, under the administration of Mrs. Josephine Ernst, as tutrix of her granddaughter, sole heir of her deceased father. The executors of the alleged Texas will, by their ■ counsel, on June 14, 1910, filed with the notary in said tutorship proceedings a written protest against the appointment of any tutor to the minor, on the grounds that T. Scott Burbank was a citizen and resident of the state of Texas, which fact fixed the domicile of the minor in Texas, and therefore the courts of Louisiana were without authority to appoint a tutor for her. The same counsel appeared before the court, as amicus curiae, and urged the same objections.
Upon the application to file the Texas will, Mrs. Ernst, as tutrix, objected, on the following grounds:
(1) That T. Scott Burbank was not a resident or citizen of the state of Texas, nor had he ever been domiciled therein.
(2) That the deceased was mentally incompetent to make said will.
(3) That the will is void for defect of form, and not such as to convey the defend *531 ant’s estate, especially the real property of large value in the state of Louisiana. After hearing said objections, the court ordered the will to be filed, subject to further hearing.
On June 27, 1910, Mrs. Ernst, tutrix, filed in the succession record a direct action to annul the Texas will, on grounds substantially as follows:
(1) That the deceased was mentally incompetent from illness and disease of the brain to make a testament, and shortly after the date of the alleged will committed suicide.
(2) That the deceased was a citizen and resident of the state of Louisiana, and never had any other residence or domicile.
(3) That the estate of the deceased is situated in the city of New Orleans, state of Louisiana.
(4) That the alleged will is null, void, and inoperative, inasmuch as it creates a prohibited substitution and a fidei commissum.
(5) That the alleged will works a great injustice and injury to the minor, who under the law of Louisiana is the sole heir of the deceased, and is entitled to take the estate free of the conditions attempted to he imposed by said alleged will.
The executors and the three sisters of the deceased named in the will were cited and appeared. The executors and the two sisters, Mrs. Woodson and Mrs. De Silva, averred that the document presented was the last will and testament of the deceased, valid in form and duly probated in the state of Texas, at the place of the last residence and domicile; that the executors named therein had been duly qualified; that the allegations as to the incompetency of the testator, and as to his residence in the state of Louisiana, were not true; that the testator was legally domiciled in Temple, state of Texas, and was a citizen of that state, and was not domiciled elsewhere; that the testator possessed large properties in the states of Texas and Louisiana, and that his property in the latter state consisted of his undivided share or interest in the successions of his father and mother. The respondents denied that the Texas will was null and void for or on account of any of the matters alleged in the petition, and all other matters and things not specially admitted in their answer.
Mrs. Dodge, the third sister, after pleading the general issue, admitted that her brother, T. Scott Burbank, was a citizen of Louisiana and a resident of New Orleans, where he had his legal domicile, and averred her belief that the Texas will was not made by her brother understandingly, and that it should be annulled and set aside in the best interest of the minor.
None of the respondents excepted to the capacity of Mrs. Ernst, as tutrix, to maintain the action.
When the judgment appointing Mrs. Ernst as tutrix is assailed by direct action, it will be time enough to consider its validity.
The last will and testament of the deceased is valid as to form under the laws of Texas. By its terms the whole estate was left under the administration and control of the executors, who were directed from time to time to pay over to the guardian of the person of the minor daughter of the deceased such sums as might be needed for her support and education; and when said daughter arrives at the age of 21 years the executors are directed to deliver to her the sum of $20,000; one-half of the remainder of the estate to be delivered to the said daughter when she arrives at the age of 25, and the remainder when she arrives at the age of 30 years. In the case of the death of the daughter without issue, the testator directed that such of the estate as then remains shall go to and become the property of his three sisters in the amounts, to wit: $100 to Mrs. Dodge, one-half of the remainder to Mrs. *533 De Silva, and the other one-half to Mrs. Woodson, who was named guardian of the person of the minor. It is evident that, under the will, the executors were to act as sole guardians of all the property left to the minor daughter, and as her trustees after she became of age. Under such a will, no guardian of the minor’s estate could be appointed.
It is conceded by counsel on both sides that the validity of the probate of the will in Texas hinges on the question of the domicile of the testator at the date of the confection of the testament. Succession of Drys-dale, 124 La. 266, 50 South. 30.
T. Scott Burbank was a citizen and resident of the state of Louisiana for many years. In May, 1896, Burbank married Miss Ida Ernst, in New Orleans. The minor, Mary S. Burbank, .was the sole issue of this marriage, The wife and mother died in December, 1899. In December, 1908, E. W. Burbank died in New Orleans, leaving a last will, in which T. Scott Burbank, a son of the deceased, was named as one of the executors. The will was duly probated, and T. Scott Burbank was duly qualified as one of the three executors, without bond. In these proceedings T. Scott Burbank represented himself in one petition as residing in the parish of Orleans, and in another as residing in the city of New Orleans. The estate was appraised at an amount exceeding $400,000. In a notarial act of sále, dated March 18, 1909, of certain succession'lands, T. Scott Burbank and his sister, Mrs. Dodge, were described as “residents of the Parish of Orleans.” In a petition filed April 12, 1909, to be recognized and put in possession as one of the forced heirs of his father, T. Scott Burbank described himself as “of the city of New Orleans.” This application was resisted successfully in the lower court by Mrs. Dodge, one of the executors and forced heirs, and T. ’Scott Burbank et al. appealed to the Supreme Court. The judgment below was reversed, and the case remanded, in April, 1910. See Succession of Burbank, 126 La. 9, 52 South. 175. On April 24, 1910, T. Scott Burbank by counsel appeared in the civil district court of the parish of Orleans, and moved that the mandate of the Supreme Court be filed, recorded, and declared executory.
On April 8, 1909, Thomas Scott Burbank, a resident of the city of New Orleans, and Mrs. De Silva, a resident of Illinois, in their capacity as testamentary executors in the succession of Edward W. Burbank, appeared before a notary, and declared:
“That, being about to absent themselves temporarily from the state of Louisiana, and in order to comply with the law in such cases made and provided, and especially with article 1154 of the Revised Civil Code of said state,”
—they, and each of them, constituted and appointed Alfred E. Billings, of the city of New Orleans, their true and lawful attorney in fact, to represent them generally and specially as executors in the administration of said succession. Article 1154 of the Civil Code authorizes such a procuration where an executor “only wishes to be absent for a time.” Under C. C. art. 1153, such absence cannot exceed one year.
Soon after the execution of said procuration, T. Scott Burbank left New Orleans and went to the home of his sister, Mrs. De Silva, in Illinois. There he remained, with his child, until February 10, 1910, when they left for Temple, Tex., the home of his other sister, Mrs. Woodson, with whom he resided until his death by suicide on May 10, 1910. On March 22, 1910, Burbank made the will in controversy, which contains the following sentence, to wit:
“I hereby declare and state that my residence is in the county of Bell and state of Texas, which is my permanent home, and that I am a citizen of the state of Texas.”
*535 That Burbank actually resided in Temple, Tex., is conceded. That he really intended to make that place his home or domicile is denied. Burbank had been for several years in bad health. A part of his skull had been removed to relieve paralysis resulting from an abcess on the brain, caused by a severe attack of catarrh. After spending some time at the home of his sister, Mrs. 'De Silva, in Illinois, Burbank resolved to seek a milder climate, and in February, 1910, left for Temple, Tex., ■ to visit his sister, Mrs. Woodson. On March 4, 1910, he wrote to Mrs. De Silva, from Temple, Tex., as follows:
“I intend to make this my home, so you can send me my bank box and money that I have there, also the photographs that are in my room. Send the box by express and the key by registered mail. I like it very well down here and feel better since I came.”
Burbank declared to the attorney who drafted his will, and other witnesses, that Temple was his permanent home. The Texas court, after hearing testimony, decreed that the permanent domicile of the deceased was in county of Bell, state of Texas, and that he left an estate situated and located in said county and state, and subject to the jurisdiction of the court. The deceased owned no realty in Texas, but left there the personal property he carried with him when he departed from the state of Louisiana in April, 1909. The remainder of the estate consists of an undivided fourth interest in the succession of his father and mother in the state of Louisiana, which is an incorporeal immovable. Weber v. Ory, 14 La. Ann. 541.
On the other hand, the recitals of the notarial act of procuration is conclusive evidence against Burbank that he left the state of Louisiana in April, 1909, with the intention of returning. This procuration was never revoked, and remained on the records as a continuing declaration that Burbank was temporarily absent from the state. Up to the date of Burbank’s death, his agent continued to represent him as an executor temporarily absent from the jurisdiction of the court. On Burbank’s judicial admissions, and on his declaration of intention, as expressed in the act of procuration, he could have been sued in personam in the courts of the parish of Orleans at any time before his death. Burbank could not have lawfully left the state permanently without first surrendering his trust, rendering an account of his administration, and paying the balance due,, if any. C. C. art. 1153.
The declaration of temporary absence in the procuration was equivalent to one that. Burbank did not intend to abandon his domicile in the city of New Orleans.
The highest proof in this state of an intention to change domicile is by a declaration in writing, signed by the party making it, and registered by the recorder. O. O. art. 42.
“In case this declaration is not made the proof of this intention shall depend upon circumstances.” C. O. art. 43.
In the case at bar, we have the solemn declaration of Burbank, duly recorded, that he had no intention of changing his domicile, opposed by his private declarations and writings, made in another state. In Louisiana, Burbank posed as an executor temporaria ly absent from the state of his domicile; while in Temple he represented himself to be a citizen and permanent resident of the state of Texas. Burbank, on the eve of leaving New Orleans in April, 1909, executed his last will by notarial act. About March 12, 1910, he consulted a lawyer in Temple, Tex., stating that he desired to make a will that would be valid under the laws of Texas. As nearly his whole estate was situated in the state of Louisiana, and as he had already made a will in that state, his evident intent was to dispose of his property in a manner not warranted by the. laws of the situs. The will, made 10 days later, shows that the in *537 tent was to create a trust and a substitution repugnant to laws of the state of Louisiana. Succession of Beauregard, 49 La. Ann. 1176, 22 South. 348; McCan Case, 48 La. Ann. 145, 19 South. 220. Burbank’s declarations of his Texas citizenship, unnecessarily repeated in the will itself, are calculated to create the suspicion that he was making up a fictitious case of domicile. However that may be, such private declarations as to intent are more than counterbalanced by his public declarations of record and his official acts as resident executor in the state of Louisiana.
It is therefore ordered that the judgment of the lower court be amended by dismissing the proponent’s application, as of nonsuit, with costs in both courts.