189 So. 124

**Succession of MARINONI.**

No. 35087.

April 3, 1939.

Rehearing Denied May 1, 1939.

Dart & Dart, of New Orleans, for appellants.

Charles J. Rivet, of New Orleans, tutor ad hoc.

Henican, Carriere & Cleveland and Oliver P. Carriere, all of New Orleans, for appellee.

FOURNET, Justice.

Plaintiffs, alleging that they are special legatees under the will of Ulisse Marinoni, Jr., and his heirs at law by representation of their mother, Mrs. Olga Eugenie Nolan, the named universal legatee in the will, who has since died, instituted this action against the testamentary executor to take the seizin of decedent's estate, excepting that he be allowed to retain of the assets an amount sufficient to pay the several other special legacies and any debts or charges of the succession remaining unpaid, and also the property necessary to discharge the legacy of Mrs. Adina Provosty Marinoni, surviving widow of decedent. Coupled with this action plaintiffs seek to have (1) the community formerly existing between the deceased and his surviving widow settled, (2) the minor, Oliver Otis Provosty Marinoni, who was named in the will as an adopted son, decreed not to have been legally adopted and therefore without any right to or interest in the succession, and (3) the appointment of Mrs. Adina Provosty Marinoni as natural tutrix of the said minor set aside and the letters of tutorship issued to her as such recalled.

Mrs. Adina Provosty Marinoni filed exceptions of no cause of action and of prematurity. Charles J. Rivet, tutor-ad-hoc for the minor, Oliver Otis Provosty Mari-

noni, filed exceptions of non-joinder, prematurity, and no cause of action. The executor made no appearance. The exceptions of no cause of action and of non-joinder were overruled by the trial judge, but he maintained the exceptions of prematurity filed by Mrs. Adina Provosty Marinoni and the tutor-ad-hoc and dismissed the plaintiffs' suit as to them. Plaintiffs have appealed.

Ulisse Marinoni, Jr., died testate in the city of New Orleans on September 12, 1931, leaving a will in olographic form dated November 17, 1930, the pertinent part of which is as follows:

"\* \* \*

"I have never had any childen, but my present (second wife) and I have adopted a baby boy named Oliver Otis Provosty Marinoni to whom the law grants his just share.

"\* \* \* I bequeath five thousand dollars to Emma Soniat Dufossat; five thousand dollars to the Missionary Sisters of the Sacred Heart; five thousand dollars to my nieces and nephew, each one, that is Anita, Olga, Katherine, and Ulisse Nolan; five thousand dollars to the Parochial Church of St. Martin at Accous, France, I confirm to my dear wife the donation of the house and contents No. 2719 Coliseum Street, New Orleans, and further I bequeath to her all the adjoining lots fronting on Washington Avenue, so that she shall be the owner of all the real estate and garden pertaining to said house and all appurtenances. I desire my just debts to be paid. I appoint William T. Nolan, and the Canal Bank & Trust Company as my co-executors. My wife will also have her community rights. \* \* \* I leave five hundred dollars to the Redemptorist Fathers for masses for my soul. I leave the remainder of my estate to my dear sister Mrs. Olga Marinoni Nolan. \* \* \*"

The will was admitted to probate and William T. Nolan and the Canal Bank & Trust Company qualified as co-executors under the will. The latter having ceased to function as co-executor since May 20, 1933, the former has continued to act as executor and is now in charge of the succession.

Plaintiffs alleged that the minor, Oliver Otis Provosty Marinoni, was never legally adopted by the deceased and that the order appointing the surviving widow, Mrs. Adina Provosty Marinoni, as his natural tutrix, was improvidently granted; that decedent left no blood relations either in the ascending or descending line, but in the collateral line left as his sole heir a sister, plaintiffs' mother, the late Mrs. Olga Eugenie Nolan, and that they, plaintiffs, are the sole and only heirs at law of the deceased by representation of their mother; that all of the debts of the succession, with certain exceptions, have been paid; and that the only matters remaining to be discharged by the executor are the payment of the several special legacies, the delivery of the legacy of the immovable property to Mrs. Adina Provosty Marinoni, and also the claim of Mrs. Rita Lewis, who is seeking to be recognized as the legitimate daughter and forced heir of the deceased. However Mrs. Lewis was not made a party to this suit and such rights

as she might have were specially reserved to her. Plaintiffs also ask that the assets of the community, if any, that formerly existed between the deceased and his surviving widow, be ascertained and fixed.

Revised Civil Code, Article 1671, provides that "The *heirs* can, · at any time, take the seizin from the testamentary executor, on offering him a sum sufficient to pay the movable legacies and on complying with the requirements of Article 1012." (Italics ours.) Article 1012 reads as follows:

"In obtaining possession of the effects of a succession, the *heirs* shall not be permitted, under any pretense whatsoever, to have an actual delivery of any property of such succession which may be in suit or to receive any money of such succession when there shall be claims thereon pending in court, unless they previously give bond with good and sufficient security, if the plaintiffs in such suits require it; which security shall be one-fourth over and above the amount of the claims for 'money thus claimed, or of the appraised value of the property in suit, which estimation shall be made by two appraisers appointed by the judge." (Italics ours.) See, also, Dreyfus v. Richardson & May, 33 La.Ann. 602; Succession of Fisk, 3 La.Ann. 705; Bird v. Succession of Jones, 5 La.Ann. 643; Succession of Duffy, 50 La.Ann. 795, 24 So. 277; Succession of Manion, 143 La. 799, 79 So. 409; and articles 1659, 1660, and 1670 of the Revised Civil Code.

Thus it may be seen that under the express provisions of the Revised Civil Code and the jurisprudence thereunder the right of the *heirs* to take seizin of the estate of the deceased from the testamentary executor is conferred on them on the conditions that they furnish the money to pay the movable legacies, and give security to creditors in pending suits, if the creditors require it. But in the instant case, though plaintiffs have alleged themselves to be the sole and only heirs at law of the deceased by representation of their mother, decedent's sister, they also allege in their petition that there is pending in litigation the claim of Mrs. Rita Lewis, who is seeking to be· recognized as the legitimate daughter and forced heir of the deceased, and it necessarily follows that if she is successful in her claims that plaintiffs are not the heirs of the deceased. · Their only rights will be as special legatees under the will of the deceased and as heirs of their mother who was named the universal legatee therein.

It is our conclusion, therefore, that plaintiffs' petition fails to disclose a cause of action, and, until the suit of Mrs. Rita Lewis is disposed of, the action is premature.

Charles J. Rivet, in his capacity as tutor-ad-hoc for the minor, Oliver Otis Provosty Marinoni, moved to dismiss the appeal as to the minor on the ground that the record as made up does not show that the judgment of the trial judge disposing of the exception filed on his behalf was formally signed and that we are, therefore, without authority to review the judgment.

The conclusion we have reached in this case would make it a useless and vain procedure to remand the case to the lower

court to have the judgment with reference to the minor signed and placed in the transcript.

For the reasons assigned, the judgment of the lower court is affirmed at appellants' cost.

HIGGINS, J., absent.