On the Merits.
Henry Uthoff died testate on September 9, 1938, leaving an olographic will making special bequests to his sister Mrs. M. U. Sextro and to his brother, Charles J. Uthoff (who predeceased him), and making his sister Adele Uthoff the residuary legatee and executrix of his estate. He was never married and left surviving him neither ascendants nor descendants. After the will was admitted to probate the testamentary executrix qualified and caused an inventory to be made of the succession property (consisting principally of vacant lots) which was appraised at $109,324.56. Under authority of the court all of the movable property of the estate was sold at public auction and certain pieces of real estate were sold at private sale in order to pay debts of the succession. On the petition of the residuary legatee, with the written consent of the remaining-creditors, she was placed in possession ofi the property left by the deceased by judg-, ment of the court dated June 23, 1939. The, following July 6, on the motion of Mrs. Charles J. Uthoff, individually and as natural tutrix of Marian R. and Charles J. Uthoff, Jr. (the widow and heirs of the deceased brother, Charles J. Uthoff), the residuary legatee was ruled to show cause why the judgment placing her in possession of her brother’s estate should not be set aside. She excepted to the procedure by rule, and her'exception was maintained by judgment dated October 3, 1939. The plaintiffs then filed this direct action to set aside the judgment placing the residuary legatee in possession of the succession property. It is from the judgment dismissing their suit that the plaintiffs are appealing.
From the allegations of plaintiffs’ petition it appears they are urging the nullity and invalidity of the judgment because the testamentary executrix, who is also the residuary legatee, secured it (the judgment) without making any provision for the settlement and satisfaction of their claims for an accounting, collation, and partition pending in litigation in Division “C” of the Civil District Court for the Parish of Orleans. To support this conclusion they rely on the holding in the case of Succession of Ott, 182 La. 850, 162 So. 642, which is stated in-the case af Succession of Braun, 187 La. 185, 174 So. 257, 258, to be to- the effect “ * * * that a judgment, discharging an administrator and canceling her bond, was *899 illegally and improvidently granted pending the trial of an unliquidated claim against the succession without retaining in her hands the amount of the claim until its validity could be settled by a definitive judgment, under the provisions of, articles 1182 and 1185 of the Revised Civil Code, and that the creditor could not thereby ‘be precluded from pursuing its suit against the administratrix because she obtained a judgment to which she was not legally entitled.’ ”
In this case we are. dealing with a testate succession. Therefore Articles 1182 and 1185 of the Revised Civil Code are inapplicable because they are found in Chapter 8 of Book III, Title I, which chapter is entitled “Of the Administration of Vacant and Intestate Successions.” The issues involved in this case are governed by the articles found in Title II of Book III of the Revised Civil Code headed “Of Donations Inter Vivos * * * and Mortis Causa.” The pertinent article (1671) under this heading provides that “The heirs [which includes a residuary legatee] can, at any time, take seizin from the testamentary executor, on offering him a sum sufficient to pay the movable legacies and on complying with the requirements of Article 1012.” (Brackets ours.) From Article 1012 we find that before the heirs can obtain possession of any property of the succession which may be in litigation, or can receive any money of the succession which may be in litigation, they must give bond, if required to do so by the plaintiffs in such suits. Succession of Fisk, 3 La.Ann. 705; Bird v. Succession of Jones, 5 La.Ann. 643; Dreyfus v. Richardson & May, 33 La. Ann. 602; Succession of Duffy, 50 La.Ann. 795, 24 So. 277; Succession of Manion, 143 La. 799, 79 So. 409; and Succession of Marinoni, 192 La. 751, 189 So. 124. See, also, Articles 1659, 1660, and 1670 of the Revised Civil Code.
While it is alleged in plaintiffs’ petition that the proceedings pending in Division “C” are made a part thereof, they were not to be found in the record, and there is nothing therein to indicate in what succession the accounting, collation, and partition are being demanded nor the status and condition of the estate. We do find, however, a reference in appellee’s brief that plaintiffs’ claims against decedent pending in Division “C" of the Civil District Court are with reference to the succession of Mrs. Maria Ringrose Uthoff, mother of Henry Uthoff (deceased), Adele Uthoff (defendant here), and grandmother of the minors, Marian and Charles J. Uthoff (children and heirs of a predeceased son Charles). Of course, if the proceedings pending in Division “C” are for a collation with respect to Henry Uthoff’s succession, they are unauthorized because collation “is confined to children or descendants succeeding to their fathers and mothers - or other ascendants * * * therefore * * * cannot be demanded by any other heir * * Article 1235, Revised Civil Code.
But assuming that the suit pending in Division “C” is for an accounting, collation, and partition against the late Henry Uthoff in the succession of his mother, Mrs. Ringrose, as is stated in appellee’s brief, the Revised Civil Code provides that “Col *901 lations are made in kind or by taking less,” [Article 1251,] at the option of the donee if he was given an immovable and the same is in his possession at the time of the partition, “unless the donor has imposed on him the condition of making the collation in kind * * *,” [Article 1255,] and in the case of movables, the heir “is bound to collate for them by taking less, according to their appraised value at the time of the donation * * [Article 1283], and that, “If there are no effects in the succession, or [if the effects are] not sufficient to satisfy the heirs to whom the collation is due, the amount of the collation, or the balance due on it, shall be paid them by the heir who owes the collation.” Article 1277 (Brackets ours.). See, also, Article 1287. Moreover, such heirs have one year to pay the same upon giving the security required in Articles 1278 and 1288 of the Revised Civil Code.
The petition in the instant case is barren of any allegation to the effect that the result of the accounting and collation sought in Division “C” of the Civil District Court will show decedent’s succession is indebted to the plaintiffs; there is no allegation that the property or effects remaining in that succession are insufficient to satisfy plaintiffs’ claims, the only allegation being that the claims in the pending suit are not liquidated. We therefore conclude that plaintiffs’ petition fails to disclose a cause of action.
For the reasons assigned the judgment of the lower court dismissing plaintiffs’ suit is affirmed at their cost.
O’NIELL, C. J., does not take part.