## No. 6241.

SUCCESSION OF ANAIS PLANTEVIGNES, WIFE OF LOVEL LEDOUX. OPPOSITION TO FINAL TABLEAU AND RULE FOR ADDITIONAL SECURITY.

Mrs. Anna Ledoux, testamentary executrix of Amaron Ledoux, being a creditor of the community which existed between the deceased, Anais Plantevignes, and her husband, and this succession consisting only of community property, her claim was properly placed on the account.

The sureties on the bond of the administrator are shown to be insufficient. The rule requiring additional security on the bond of the administrator should be made absolute.

The children of the deceased are her heirs, and they are in no sense mortgage creditors of this succession; their mother owed them nothing; by succession they succeeded to her rights. Whatever claims they have against their father on account of paraphernal funds of their mother disposed of by him they can not set up in this settlement of the succession of their mother.

As the heirs have not renounced the community, they can not compete with a creditor of community for the funds in question, nor will they be permitted to set up in this controversy their mortgage rights against their father on account of paraphernal funds due by him to their mother.

As the account filed only includes part of the assets of the succession, the court a qua manifestly erred in accepting it as a final account and ordering the administrator to be discharged from further duty.

APPEAL from the Parish Court, parish of Pointe Coupée. *Bonachaud*, J. *Edward Phillips* and *Robert Montgomery*, for plaintiff on rule and

appellant. *Yost & Harris,* for the administrator, appellee. *A. L. Mahoudeau,* for the emancipated minor heirs of the deceased Anais Plantevignes.

WYLY, J. Mrs. Anais Plantevignes, wife of Lovel Ledoux, died in April, 1866, leaving a succession consisting of community property upon which her surviving husband administered.

Mrs. Anna Ledoux, testamentary executrix of Amaron Ledoux, shown to be a creditor for eleven hundred dollars of the community which existed between Mrs. Anais Plantevignes and Lovel Ledoux, took a rule upon the administrator of this succession requiring him to give additional security, the sureties on his bond not being solvent or sufficient to secure the said bond.

She also opposed the final account rendered by this administrator because it was incomplete, only a small part of the assets of the succession being placed thereon; also because Jules, Aristide, and Estelle Ledoux, heirs of the deceased, are improperly placed on said account as mortgage creditors.

Subsequently, these heirs also filed an opposition, denying that Mrs. Anna Ledoux, testamentary executrix of Amaron Ledoux, is a creditor of the community which existed between their mother and father, and they prayed that this claim be stricken from the account.

The various issues were cumulated and tried together. The court gave judgment dismissing the rule for additional security, also the opposition of Mrs. Anna Ledoux, testamentary executrix, and homologating the final account of the administrator, ordered his bond to be canceled, and that he be discharged from his trust.

From this judgment Mrs. Anna Ledoux, testamentary executrix, has appealed.

The proceedings are quite irregular; but as it is the interest of all parties that the litigation should be settled without additional expense and delay, we will consider the issues involved in this controversy and decide them.

The evidence satisfies us that Mrs. Anna Ledoux, testamentary executrix of Amaron Ledoux, is a creditor of the community which existed between the deceased and her husband, Lovel Ledoux, for eleven hundred dollars; and as this succession consists only of community property, this claim was properly placed on the account. The sureties on the bond of the administrator for twelve thousand dollars are shown to be insufficient. The rule requiring additional security on the bond of the administrator should be made absolute.

The children of the deceased are her heirs, and they are in no sense mortgage creditors of this succession; their mother owed them nothing; by succession they succeeded to her rights. Whatever claims they have

against their father on account of paraphernal funds of their mother disposed of by him they can not set up in this settlement of the succession of their mother. As they have not renounced the community, these heirs can not compete with a creditor of community for the funds in question, nor will they be permitted to set up in this controversy their mortgage rights against their father on account of paraphernal funds due by him to their mother.

As the account filed only includes part of the assets of the succession, the court manifestly erred in accepting it as a final account and ordering the administrator to be discharged from further duty.

It is therefore ordered that the judgment appealed from be annulled, and it is decreed that Mrs. Anna Ledoux, testamentary executrix, be recognized as a creditor, as stated in the account; that the rule taken for additional security be made absolute; that the claims of Jules, Aristide, and Estelle Ledoux, as mortgage creditors, be stricken from the account; that the account of the administrator be disallowed, and that he render a full and complete account of all the property placed under his administration within ninety days after this judgment becomes final. It is further ordered that appellees pay costs of both courts.