### No. 8687.

### JOHN BAKER VS. ALBERT SHULTZ ET AL.

The lower court can and must pass upon the sufficiency of the appeal bond, when it is disputed by the appellee; and when the bond has been adjudged insufficient, and no other is furnished, the appeal will be dismissed.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor,* J.

*Richard DeGray* for Plaintiff and Appellee.

*W. S. Benedict* for Defendants and Appellants.

The opinion of the Court was delivered by

MANNING, J. The judgment in this case was signed June 28, 1882, and a suspensive appeal therefrom was granted July 3d, on the defendant's giving bond with good and solvent surety, " conditioned according to law in the sum fixed by law." Bond was executed July 5th for ten thousand dollars.

On November 5th following, the plaintiff, suggesting the insolvency of the sureties, at the time the bond was given, took a rule to test its

sufficiency, and an order was made to shew cause why it should not be adjudged that the appeal was never effected and completed, and why execution should not issue.

The plaintiff died pending this rule, and his widow and heirs were made parties.   On Jan. 15, 1883, upon trial the rule was made absolute, and the court decreed that the appeal had not been perfected, the order therefor was set aside, and execution directed to issue.

No other bond was filed of any amount, and the plaintiff moves to dismiss for want thereof.

Undoubtedly the Judge below has, and *ex necessitate* must have, the right to pass upon the sufficiency of the appeal bond. If it is not lodged in the lower court, it cannot be anywhere, for certainly we cannot do it here as a matter of original jurisdiction, and the practical result would be that a judgment might be suspended by a straw bond. This cannot be permitted.   State ex rel. Gill vs. Tissot, 34 Ann. 93.

The appellee has accompanied his motion with certified copies of the proceedings below upon the rule to test the solvency of the sureties and sufficiency of the bond, and the judgment thereon declaring the bond worthless, and setting aside the order of appeal.

With these proceedings before us it is manifest that there is no bond, and an appeal without a bond to support it cannot stand.   Huppenbauer vs. Durlin, 23 Ann. 739.

We have already ruled expressly upon the right of an appellee to a dismissal under circumstances identical with those of the present case. Dumas vs. Mary, 29 Ann. 808;  Weiser vs. Blaese, 34 Ann. 833.

The appeal is dismissed.