## No. 13,736.

|106 387|
|112 295|

### SUCCESSION OF JOHN MORITZ WIEMANN.

#### SYLLABUS.

1. The administrator of a succession who has not rendered an account must render one on the demand of the heirs.
2. There is no reason why the heirs of age should demand from their ex-tutor the account that they want to get from the administrator ; especially in view of the presumption of their having already had an account from their tutor.
3. A judgment closing the succession and sending the heirs into possession cannot be pleaded by the administrator in bar of the demand of the heirs for an account.
4. Nor can a suit in partition among the heirs ; especially where the suit went no further than citation, and is pleaded against those of the heirs who were the defendants in it.

A PPEAL from the Civil District Court, Parish of Orleans.—*Sommerville, J.*

---

*William S. Parkerson,* for Edna Roberts Wiemann, mover in rule on administrator to file account, Appellant.
on administrator, to file account, appellant.

*James B. Rosser, Jr.,* for Philip Peter, Administrator, Defendant in rule, Appellee.

The opinion of the court was delivered by

PROVOSTY, J. To a rule taken on him by the minor heirs of the succession, now of age, to show cause why he should not file an account of his administration, the defendant administrator pleads, by way of exception, as follows: That said rule discloses no cause of action; for the reasons, first, that the plaintiffs should call upon their tutor and not upon him for an account; second, that the record shows that the heirs were recognized and sent into possession of all the property of the succession by a judgment duly recorded in the conveyance office, in 1895, and that thereby the succession has been closed and has ceased to exist; third, that the major heirs, subsequent to the date of said judgment, instituted against the two plaintiffs in rule a suit for a partition of the property of the succession.

The first exception is not good. Defendant does not explain why plaintiffs should call upon their tutor instead of upon him for the account when it is not from the tutor, but from him that they want to get the account. For our part, we can think of no reason why plaintiff should thus apply for the account apparently in the wrong quarter. The presumption is that they have already had an account from their tutor and have no right to demand another.

The second exception is no better than the first. A judgment closing a succession and sending the heirs into possession is nothing more than an order to the administrator to render an account to the heirs and to surrender possession to them. Out of such an adverse judgment he cannot frame a shield against the demand of the heirs for an account.

The presence of such a judgment in the record would appear to us to be excellent reason why this defendant should at once and without waiting to be further asked, proceed to render an account; but as a matter of fact it is not true that such a judgment is to be found in the record; the judgment relied on did not do more than recognize the heirs; it did not purport either to close the succession or to send the heirs into possession.

The third exception is even weaker than the other two. In the first place, partition among co-heirs is in no wise inconsistent with the continued possession of the administrator (C. C. 1320); and, in the next place, the two plaintiffs in rule were defendants in the partition

suit in question, they made no appearance, and the suit went no further than citation; that they are not concluded by such a judgment needs hardly to be said.

The exception taken as a whole, is that of no cause of action, for the purpose of the trial of which the allegations of fact of the rule must be taken for true. The rule alleges that the defendant was appointed administrator; that he took charge of the effects of the succession, some $26,000, mostly movables; that he has not rendered an account; and that the plaintiffs are heirs and demand an account. That an administrator who has not rendered an account of his administration must, upon the demand of the heirs, render one is perfectly plain.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be set aside, and that this exception of the defendant be overruled, and that he pay the costs of this appeal.