No. ——

First Circuit

MARINE BANK & TRUST COMPANY v. MARTEL, ET AL.

(January 28, 1926, Opinion and Decree)

(*Syllabus of the Editor.*)

1. **Louisiana Digest—Appeal—Par. 312.**

Act 67 of 1876 requires the surety on an appeal bond to be domiciled within the jurisdiction of the court, otherwise the appeal must be dismissed.

2. **Louisiana Digest—Appeal—Par. 325.**

Act 112 of 1916 does not relieve an appellant who, although he personally signed an appeal bond, failed to furnish the surety required.

Appeal from the Parish of Iberia. Hon. James Simon, Judge.

Action by Marine Bank & Trust Company vs. Mrs. Josephine Leleu Martel, et al.

There was judgment for plaintiff and defendant appealed.

Judgment dismissed.

Burke & Smith, of New Iberia, attorneys for plaintiff, appellee.

Broussard & Sampson, of New Iberia, attorneys for defendant, appellant.

LECHE, J. The defendants in this case have appealed from an order of executory process and plaintiff moves to dismiss the appeal on the ground that the surety on the appeal bond does not reside in the parish of Iberia, where the suit is pending, but in the parish of Vermilion, outside the jurisdiction of the court.

Act 67 of 1876, p. 109, requires the surety on an appeal bond to be domiciled within the jurisdiction of the court, otherwise the appeal must be dismissed. State ex rel. Veith vs. Capdevielle, 140 La. 812, 74 South. 110. For that reason the appeal in this case must therefore be dismissed unless protected by the provisions of Section 9 of Act 112, p. 241, of 1916.

The cited provision is in substance to the effect that no appeal shall be dismissed on account of any error in the amount of the bond or for any inaccuracy or omission in the bond or for the insufficiency of any surety or sureties on said bond until the party furnishing such bond shall have failed to correct the error, inaccuracy or omission or to have furnished supplemental or additional bond, etc. There is here no question of any error, inaccuracy or omission, or insufficiency of surety, but no surety at all under the terms of the Act of 1876.

We do not believe that the Act 112 of 1916 was intended to relieve an appellant who, although he personally signed an appeal bond, fails to furnish any surety whatever.

It is therefore ordered that the appeal be dismissed.