OVERTON, J.
 

 Plaintiff appealed from a judgment, rendered against him by the district court for the parish of Jefferson in each of the causes named in the title of this application. In each case, he furnished an appeal bond with a surety, who did not reside within the jurisdiction of the court that rendered the judgments, but who confessedly resides in the parish of Orleans. The law requires that the party who desires to appeal from a judgment against him must furnish an appeal bond with a surety residing within the parish where the surety is to be given, except where a surety company is furnished as surety. C. C. art. 3042, as amended by Act 225 of 1908. The 'defendants and appellees urged no complaint against either bond in the district court, though each bond showed that the surety, who was not a surety company, resided in the parish of Orleans, but, when the appeal in each ease reached the Court of Appeal, defendants there moved to dismiss each appeal on the ground that:
 

 “The surety on the appeal bond is not domiciled within the jurisdiction of the court which rendered the judgment- appealed from.”
 

 Copies of the motion to dismiss, it is said, were served on plaintiff by mail, and that, within two days thereafter, plaintiff filed a new bond in the district court, with a surety thereon, residing within the parish of Jefferson, which was within the jurisdiction of the court that rendered the judgments. Supplemental transcripts containing the new bonds were promptly lodged by plaintiff in the Court of Appeal.
 

 The Court of Appeal, after considering the motion to dismiss, deemed it doubtful whether the appeal should be dismissed, but nevertheless, to promote the interest of judicial unity in courts of co-ordinate jurisdiction, followed a decision rendered by the Court of Appeal for the First Circuit (Marine Bank & Trust Co. v. Martel, 3 La. App. 639), and dismissed the appeal, ruling, in effect, that a surety on an appeal bond, residing out of the jurisdiction of the court that rendered the judgment appealed from, was no surety at all, and that the defect was such a one as could not be corrected under the provisions of
 
 *281
 
 Act 112. of 1916. In so ruling we think that the Court of Appeal erred.
 

 In passing upon the correctness of the ruling made, we shall consider, first, whether the defect, as to the residence of the surety, is such a defect as may be remedied under Act 112 of 1916, and, secondly, whether the appellees, without first complaining in the district court, had a right to complain in the appellate court.
 

 The purpose of Act 112 of 1916 is to regulate the form and effect of bonds in judicial proceedings, and to provide for the correction of errors therein. The act is remedial, and should be interpreted liberally in order to give full effect to its purpose. The .second section of the act provides that:
 

 “Whenever any litigant in this state shall have furnished in connection with any judicial proceeding a bond and surety, and the said bond is insufficient in amount or incorrect by reason of errors or omissions therein, such litigant shall have the right to correct such insufficiency, error, or omission in the court of original jurisdiction, and to furnish new or additional bond and surety conditioned according to law.”
 

 The section also provides that the new or ■corrected bond shall have the same effect as to principal and surety as if it had been filed on the date the original bond was filed. The third section of the. act provides the manner' of exercising the right of correction granted by the preceding section, and also provides that, if any one who, by reason of interest, has a right to object to the bond, claims that the bond furnished is insufficient ■either as to form or substance, or because of the insolvency or pecuniary insufficiency of the surety, and serves notice to that effect, through the proper officer, on the party furnishing the bond, the latter shall have two days, exclusive of legal holidays and half holidays, to correct the bond or to furnish a new bond. The fifth section of the act provides that, if a new or supplemental bond be furnished, and any one at interest objects to it, claiming that it is insufficient by reason of amount, error, inaccuracy, or omission in it, or because the surety on it is insufficient, the party furnishing the new or supplemental bond shall have the right to furnish another, and section 9 of the act reads as follows:
 

 “No appeal shall be dismissed, nor shall any writ, or other process be set aside on account of any error in the amount of the bond, or for any inaccuracy or omission in the bond, or for the insufficiency of any surety, or sureties, on said bond, until the party furnishing such bond shall have failed to correct the error, inaccuracy or omission, or to have furnished, supplemental or additional bond, or surety or sureties, as herein above provided.”
 

 The contention of appellees is that the act of 1916 is not applicable to cases where the one furnishing the bond furnishes it with a surety on it, who is incompetent by reason of his place of residence, but is applicable only, so far as relates to the surety, where he is incompetent, because he is insolvent or pecuniarily insufficient. This construction is not justified. The only part of the act that gives color to it is to be found in section 3, where reference is made to the insolvency or pecuniary insufficiency of the surety in providing for the notice of objections to be given to the party furnishing the bond. In all other parts of the act, the defect as to the surety, which may be cured, is referred to merely as the insufficiency of the surety, without limitation or qualification. We think that, when the act is construed as a whole, it is immaterial whether the surety is insufficient because he is incapacitated or incompetent by reason of residence, or insolvency, or insufficiency of assets, or for any other cause, In short, whatever may be the cause of the insufficiency of the surety, the defect in the bond, arising from the insufficiency, may be corrected.
 

 The ease of State ex rel. Veith v. Capdevielle, 140 La. 811, 74 So. 110, cited by appellees, may hardly be considered as precedent on the point here under consideration. The opinion in that ease was rendered only some
 
 *283
 
 six or seven months after the act of 1916 became effective. No reference whatever is made to that act in the opinion, either because no one thought the act applicable to a case lodged in the appellate court before its passage, or because the act escaped attention.
 

 Since the act of 1916 is applicable to the case at bar, the next question (pretermitting all reference to the new bonds filed) is whether the appellees, without first complaining in the district court of the incompetency of the surety on the original bonds filed, had the right to avail themselves of that defect by moving to dismiss the appeal. We think that the appellees had no such right. Their right was to complain of the defect in the district court, and, if not timely corrected there, and the appeals were nevertheless lodged in the appellate court, then to move for their dismissal. This is so, because section 9 of the act provides that no appeal shall be dismissed until the party furnishing the bond shall have failed to correct the error in it, as provided in the act, and section 3 confers the right to make the correction, in those instances where complaint is made of the defect, within a specified time after notice of the complaint is served, and section 2 grants to the one furnishing the bond the right to make the correction in the court of original jurisdiction, without mentioning any other court. It would seem, therefore, that the act contemplates that, before the appeal may be dismissed, it must appear that the appellant has been given an opportunity to correct the defect urged against the bond, and, since' it seems that the appellant is limited to the court of original jurisdiction to make the correction, the opportunity to make it must be given to him there by serving him in that court with notice of the defect complained of. Carter v. Ætna Casualty & Surety Co., 165 La. 478, 115 So. 662; White v. Maison Blanche Co., 142 La. 265, 76 So. 708; Hurry v. Hurry, 144 La. 877, 81 So. 378; Durel v. Buchanan, 147 La. 804, 86 So. 189; Bilich v. Mathe, 149 La. 484, 89 So. 628; Grant v. Succession of Grant, 159 La. 535, 105 So. 611; Rousseau v. T. & P. Ry., 2 La. App. 279; Creston Lbr. Co. v. Estate of Cockerkam, 2 La. App. 29; Hollingsworth v. Gleissner, 6 La. App. 236.
 

 Eor the foregoing reasons, our conclusions are that the defect complained of comes within the curative provisions of the act of 1916, and that appellees should have given appellant an opportunity to correct the defect in the court of original jurisdiction by serving notice of it upon him in that court, and, having failed to do so, they were without right to move for the dismissal of the appeal, and the Court of Appeal erred in sustaining the motion. The conclusions reached make it unnecessary for us to consider the new bonds filed.
 

 Eor these reasons, the judgment of the Court of Appeal is annulled and set aside, the motion to dismiss is now overruled, and these cases, are ordered reinstated on the docket of the Court of Appeal, to be disposed of according to law.