On Motion to Dismiss.
 

 LAND, J.
 

 The administrators of the estate of David. Gow, deceased, placed upon the final account filed by them the homestead claim of his surviving widow for the sum of $2,000 as a privilege debt. Const. 1921, art. 11, § 1.
 

 The plaintiffs, Wayne Thompson et al., ordinary creditors, opposed this item on the account successfully, and the surviving widow
 
 *549
 
 has appealed from the judgment of the lower court ordering her claim stricken from the account.
 

 Appellant was granted “a suspensive, and in the alternative, a devolutive appeal, upon furnishing bond in either appeal in the sum of $200, with bond conditioned according to law.”
 

 The bond furnished, by appellant provides that: “If the said Martha E. Gow, widow aforesaid, shall well and truly prosecute her said suspensive appeal, devolutive in the alternative, and shall satisfy whatever judgment may be rendered against her, or that the same shall be satisfied by the proceeds of the sale of her estate, real or personal, if she be cast in the appeal, otherwise the said surety shall be liable in her place and this bond shall be in full force and virtue.”
 

 Plaintiffs, opponents, have moved to dismiss the appeal on the ground that appellant is a third person and that a suspensive appeal should have been allowed only upon a bond in excess of $2,000 by one-half, and that a bond of $200 is wholly inadequate to support a suspensive appeal. Code Prac. art. 571.
 

 It is true that the administrator is plaintiff, and that an opposition is an answer, and that all parties who are cited to show cause why an account of administration should not be approved are defendants. Succession of Planchet, 29 La. Ann. 521; Succession of Romero, 28 La. Ann. 607.
 

 However, the public notification as to the filing of the final account operates as a citation of the creditors, and the judgment of homologation is binding upon them. Succession of Bougere, 29 La. Ann. 378; Succession of Conrad, 45 La. Ann. 89, 11 So. 935; Lesseps v. Lapène, 34 La. Ann. 117.
 

 Appellant is therefore a party to the judgment homologating the final account, and rejecting her homestead claim as a privileged debt, and is not a third person.
 

 If the bond is insufficient in amount, plaintiffs should have sought appropriate relief in the lower court in the manner provided by Act No. 112 of 1916. Having neglected to do so, plaintiffs are now too late to claim that the appeal bond has been fixed at a figure too low by the trial judge, as such objection must be considered as waived. Carter v. Ætna Casualty & Surety Co., 165 La. 482, 115 So. 662; Hurry v. Hurry, 144 La. 877, 81 So. 378; Bilich v. Mathe, 149 La. 484, 89 So. 628; White v. Maison Blanche Co., 142 La. 265, 76 So. 708.
 

 Motion to dismiss the appeal is overruled.