BRUNOT, Justice.
 

 This is a suit upon a contract. The sum ■claimed is $5,400.95. There was judgment for the plaintiff and against the defendant for $3,000, with legal interest thereon from date ■of judicial demand, and for costs of the suit. On the application of Hart Enterprise Electrical Company a rule was issued and served ■upon the necessary parties to show cause why a new trial should not be granted, and why Hart Enterprise Electrical Company should .not be substituted for Irish Levy Electric Company, Inc., as the plaintiff herein. The rule was heard, a new trial was granted, the plaintiff in rule was substituted as plaintiff in the suit, and judgment was rendered in favor of the plaintiff in rule for the sum, interest, and costs awarded in the original judgment. The defendant appealed from the judgment suspensively and devolutively, and the Union Indemnity Company became surety on the appeal bond. After the transcript was filed in this court, appellee answered the appeal, and prayed that the judgment appealed from be increased from $3,000, with interest and costs, to $4,339.40, with interest and costs as originally awarded, and, as thus amended, that it be affirmed. Thereafter appellee petitioned for a rule upon the appellant, the Union Indemnity Company, and the receivers of that company to show cause why a new bond with a solvent surety or sureties should not be furnished. Appellee attaches to its petition for the rule a certified copy of a judgment rendered in division C of the civil district court of the parish of Orleans, on January 6, 1933, placing the Union Indemnity Company in the hands of two receivers, and enjoining said company from further c02:duct of any of its business or any part thereof.
 

 The prayer of the petition is that this court forthwith declare the appeal bond furnished by the appellant worthless, as to the surety on the bond; that appellant be ordered to furnish a new bond, with solvent surety, within four days, or, upon his failure so to do, that his appeals, both suspensive and devolutive, be dismissed. Appellee also prays, in the alternative, that, if this court desires further inquiry into the worth of the bond and the solvency of the surety, the case be remanded to the district court for that purpose,
 
 *885
 
 with instructions to report its findings to this court.
 

 The appellant, the surety on the hond, and the receivers were ordered to show cause why the relief prayed for in appellee’s petition should not be granted. The appellant alone filed a return to the order, and the matter is submitted on'the appellant’s return and brief, and on briefs filed by appellee and by William B. Grant, and Porteous, Johnson, and Humphrey, amici curiss.
 

 Appellant relies upon two exceptions, viz. that this court is 'without jurisdiction in the premises; and that the petition does not disclose a cause of action.
 

 The rule was applied for under the authority of section 3 of Act No. 112 of 1916, as amended by Act No. 284 of 1928. The amending act merely extends the time for furnishing a new appeal bond from two days to four days. The section, as amended, reads:
 

 “Be it further enacted, etc., That the right to furnish such new, or such supplemental or additional bond shall be exercised as follows: The party desiring to furnish such new, or such supplemental or additional bond shall have the right so to do at any time prior to judgment; if the adverse party, or any other party in interest shall cause to be served upon him through the proper officer for service a notice that such adverse party, or the party in interest, claims that a bond furnished in the proceeding to which he is a party or in which he has an interest, is insufficient either as to form or substance, or of the solvency, or because of the pecuniary insufficiency of the surety or sureties thereon, the said party who has furnished such bond shall have the right within four days, exclusive of Sundays, legal holidays and half-holidays, to furnish the new bond, or supplemental bond above referred to. If he shall fail to furnish same, the case shall then proceed without any diminution of the right of the adverse party, or other party in interest, to test the sufficiency of the bond furnished, whether as to the amount or form thereof, or the solvency of the surety or sureties thereon ; provided, that should any bond be declared invalid for any reason whatsoever, the party furnishing such bond shall have the right, within four judicial days thereafter, to furnish a new bond; and provided further, that should this new bond be found to be defective in any respect whatever, or the surety or sureties insufficient, the person furnishing such new hond shall not thereafter be entitled to furnish any additional bond.”
 

 Appellant contends that this court has no jurisdiction either to hear the rule or remand the case, and in support of that contention he cites Smith v. Phillips, 168 La. 406, 122 So. 126; Hand v. Harper, 171 La. 47, 129 So. 664. In the Smith-Phillips Case, the court found that the appellee had filed no motion in the court of original jurisdiction, as provided in the second and third sections of Act No. 112 of 1916, and for that reason refused to dismiss the appeal, saying:
 

 “No such motion was filed or opportunity given, in this case. We would have no authority, therefore, to dismiss this appeal, even if we believed that the sureties named in the bond were not bound as sureties by their signatures under their affidavit.”
 

 The Hand-Harper Case is merely an affirmance of the ruling in the Smith-Phillips Case. In neither of those cases did the ap
 
 *887
 
 pellee apply to the court of original jurisdiction, as provided by Act No. 112 of 1916, or to this court for a remand of the case in order that the appellant be given an opportunity to avail himself of his rights under the statute. In those cases the defect complained of appeared on the face of the bond. In this case we have quite a different situation. In the rule filed herein there is a prayer, in the alternative, for a remand of this ease to the court of original jurisdiction, with instructions to inquire into the solvency of the surety. While this court has no original jurisdiction except such as is conferred by section 10 of article 7 of the Constitution 1921, it may, under its supervisory powers, and in aid of its appellate jurisdiction, provided timely application is made therefor, remand a case to the court of original jurisdiction for the purpose of enabling an appellant, or for .the purpose of requiring an appellant, to perfect his appeal in the manner and form prescribed by Act No. 112 of 1916.
 

 The array of distinguished counsel who urge the dismissal of the appeal take the position that this court can neither hear the rule nor remand the case. As to their first contention, they are correct, for we have said supra that this court’s original jurisdiction is limited to certain specific cases, but with respect to its power to remand a case for the purpose of enabling an appellant to furnish a new bond, if the surety thereon becomes insolvent after the transcript of appeal has been filed in the appellate court, we think they are laboring under a misapprehension. Gray, MacMurdo & Co. v. Lowe & Pattison et al., 9 La. Ann. 478, sustains appellant’s right to maintain his appeal. In that case the surety on the appeal bond became insolvent after the transcript was filed in this court. On the application of the plaintiff to the court of original jurisdiction for the right to furnish a new bond with solvent surety, the judge denied the application and dismissed the appeal. In passing upon relator’s application for a writ of prohibition, this court said:
 

 “We think the District Judge erred. The right of appeal is a constitutional right, and in the present case, the right of suspensive appeal was clearly conferred by the law. If a party in good faith fulfils within the legal delay, the conditions upon which the right of suspensive appeal is granted, it would be an inequitable and harsh construction of a provision of law framed for the protection of defendants, to say that his right should be defeated by a subsequent contingency unforeseen, and over which he had no control, the subsequent failure of his surety. Such a doctrine would also involve an inequality which could not be reconciled with equity. For by Art. 3012, when the security received ‘by the direction of law,’ becomes insolvent, his place ‘should be supplied by another,’ il doit en etre donne une autre. The rule is derived from the Napoleon Code, and originally from the Roman law.”
 

 The opinion in the Gray-Lowe Case was rendered sixty-six years before the passage of Act No. 112 of 1916. We think it is sound in law, reason, and equity, and it should be adhered to.
 

 For the foregoing reasons, it is ordered that this case be remanded to the Twenty-Fourth judicial district court, with instructions to inquire into and pass upon the sufficiency of the appeal bond herein and of the solvency of
 
 *889
 
 the surety thereon, and, if the bond be found defective, or the surety thereon insolvent, that appellant be required, in the manner and form and as provided by Act No. 112 of 1916, to furnish a new and satisfactory appeal bond with a solvent surety or sureties for the amount required by law, and to make due report thereof to this court.