148 So. 440

HARNISCHFEGER SALES CORPORA-
TION v. STERNBERG CO., Inc.

No. 32247.

May 1, 1933.

O'Niell & O'Niell, of New Orleans, for appellant.

Lines, Spooner & Quarles, of Milwaukee, Wis., and Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

OVERTON, Justice.

Defendant has appealed suspensively and devolutively from a judgment against it for $16,541, with 6 per cent. per annum interest thereon from August 1, 1930, with the recognition of a privilege on its property. An appeal bond in the sum of $28,400, with the Union Indemnity Company as surety, was furnished. The judgment was signed on December 8, 1932, and the bond was filed six days later.

Plaintiff, learning that the Union Indemnity Company had become insolvent, served notice on defendant, on January 11, 1933, under Act No. 112 of 1916, as amended by Act No. 284 of 1928, to furnish a new bond with solvent surety within the legal delay. Defendant did not comply with the notice. On January 25, 1933, defendant having failed to comply with the notice, plaintiff ruled it into the district court to show cause why the appeal bond should not be canceled and set aside by reason of the insufficiency of the surety, and the appeal dismissed. Defendant appeared and answered the rule, and urged that the court was without jurisdiction to pass upon the sufficiency of the surety. The proceeding resulted in a judgment declaring the bond insufficient as security, setting it aside and dismissing the appeal for lack of a proper bond. Plaintiff now appears in this

court, and, on the strength of the proceedings had below which are attached to the motion, moves this court to dismiss the appeal.

It is not questioned that at the time the bond was signed and filed the Union Indemnity Company held a certificate from the secretary of state, under the provisions of Act No. 41 of 1894, making such certificate conclusive evidence of the holder's solvency and sufficiency as surety on bonds. In fact, the motion to dismiss, filed in this court, alleges that the surety became insolvent after the bond was filed.

■ The filing of the bond, the order of appeal having been granted, perfects the appeal, and divests the trial court of jurisdiction, the right being reserved, however, by law, to the trial court to test the sufficiency of the appeal bond as of the date when filed. New Orleans Silica Brick Co. v. John Thatcher & Son, 152 La. 649, 94 So. 148; State ex rel. Continental Supply Co. v. Fontenot, Sheriff, 152 La. 912, 94 So. 441; Baker v. Shultz, 35 La. Ann. 524.

■■ The right of the trial court to test the sufficiency of the surety during the pendency of the appeal, however, is not a right without limitations. The right is dependent on whether or not the surety was solvent and sufficient at the time the appeal bond was filed. If the surety was not solvent, then there was no compliance with the laws governing appeals, and the trial court has power to determine whether the laws have been complied with, essential to divest it, in truth, of jurisdiction, and in such cases the proceeding must originate and be conducted in the

trial court, under Act No. 112 of 1916, as amended by Act No. 284 of 1928. Stewart v. Clay, 166 La. 278, 117 So. 147; Thompson v. Succession of Gow, 169 La. 546, 125 So. 588; Shreveport Long Leaf Lumber Co. v. Hollingsworth, 158 La. 1041, 105 So. 57. However, where the bond is sufficient and not defective when filed, the trial court is divested of all jurisdiction by the filing of the bond, and therefore, where the surety, as is the case here, becomes insolvent or insufficient during the pendency of the appeal, the appellees, being entitled to a solvent bond, must apply, of necessity, to the appellate court for relief. The appellate court, being without power to hear evidence in the case, will remand it to enable the bond to be tested, and to enable the appellant, if the bond be found insufficient, to furnish a new and solvent bond. Gray, MacMurdo & Co. v. Lowe & Pattison, 9 La. Ann. 478; Irish Levy Electric Co. v. Mike Moss, 176 La. 882, 147 So. 22; Western Union Telegraph Co. v. Dampskibs Aktieselskabet Mai, 176 La. 895, 147 So. 26; Mayweather v. Long, 170 La. 747, 129 So. 151.

The case before us should be remanded, for when the bond was filed and the appeal perfected the surety was solvent.

For these reasons, it is ordered that this case be remanded to the lower court to the end that the sufficiency of the appeal bond may be tested, and, if the surety on the bond be found insufficient or insolvent, that appellant be required in the manner and form provided by Act No. 112 of 1916, as amended by Act No. 284 of 1928, and within a reasonable time to be fixed by the trial judge, to furnish a new and satisfactory bond with a sol-

vent surety or sureties for the amount required by law, report thereof to be made to this court.