ODOM, Justice.
 

 We are asked to dismiss this appeal on the ground that the case is now before the court without sufficient appeal bond as the law requires.
 

 The facts concerning the appeal bond furnished by the appellant are set out in our opinion handed down on Monday, February 27, 1933. See Irish Levy Electric Company, Inc., v. Mike Moss, 176 La. 882, 147 So. 22.
 

 For the reasons therein assigned, we ordered that the case be remanded- to the district court, “with instructions to inquire into and pass upon the sufficiency of the appeal bond herein and the solvency of the surety thereon and if the bond be found defective or the surety thereon insolvent, that appellant be required in the manner and form and as provided by Act No. 112 of 1916, to furnish a new and satisfactory appeal bond with a solvent surety or sureties for the amount required by law and to make due report thereof to this court.” In this connection, see Harnischfeger Sales Corporation v. Sternberg Company, Inc., 177 La. 373, 148 So. 440, opinion handed down Monday, May 1, 1933.
 

 A certified copy of our opinion and order in the present case was transmitted to the district court and registered. Whereupon the appellee ruled the appellant to show cause why the Union Indemnity Company, surety on his appeal bond, should not be declared insolvent and therefore worthless as a surety, and why the appeal bond should not, for that reason, be declared insufficient, inadequate, and worthless, 'and not such a bond as the law requires, and why the appellant, Mike Moss, should not be ordered to furnish a new appeal bond within four days. The rule was made returnable on March 29, 1933, and was heard on that date; the attorney for defendant-appellant being present.
 

 Evidence was introduced showing that the Union Indemnity Company, surety on the original appeal bond, was placed in the hands of receivers -by judgment of court subsequent to the date on which the appeal bond was executed. Upon the showing made, the district court found and held that the surety on the bond was insolvent and insufficient. The rule was made absolute, and it was ordered that the appellant furnish a new appeal bond with' solvent surety on or before April 4,1933. This order was rendered, signed, and filed on March 29, 1933; counsel for appellant being present.
 

 Certified copies of the proceedings in the district court, together with a certificate of the clerk of that court showing that no new bond had been filed up to April 5, 1933, are before us.
 

 The appellant having failed to file néw bond as directed, the appeal, being now lodged in this court without sufficient appeal bond as the law requires, must be dismissed.
 

 Appeal dismissed.