174 So. 257

Succession of BRAUN.

No. 34210.

April 26, 1937.

Fred. A. Middleton and Sidney I. Goldman, both of New Orleans, for appellants.

I. E. Uzzo and James J. Landry, both of New Orleans, for appellee.

FOURNET, Justice.

This is a suit, instituted by August A. Babin and Salvador E. Babin, two heirs of the decedents, to set aside the judgment discharging the administrator of the Succession of Salvador Marciante and of his wife, Mrs. Eugenia Braun, and canceling his bond, and for an accounting of his administration.

The trial judge dismissed the suit on exceptions of no cause or right of action, and from that judgment the plaintiffs have appealed.

The alleged facts of the case, which must be accepted as true for the purpose of disposing of the exceptions of no cause or right of action, are that Joseph Marciante was the duly appointed and qualified administrator of the Succession of Salvador Marciante and of his wife, Mrs. Eugenia Braun; that on November 8, 1935, in his capacity as administrator, he filed a purported final account to which no oppositions were filed, and after due publication, the account was homologated on November 20, 1935; that there appeared in Schedule E, column 3, of the account, a list of debts of the Succession aggregating the sum of $2,651.71, for the payment of which there were no available funds, but that Schedule G of the account, entitled "Proposed Distribution of Remainder of Estate," contained the declaration that "upon the sale of some of the remaining stock, all the debts remaining due and unpaid, per Schedule E Col. 3 will be paid"; that eight months later, on July 22, 1936, by ex parte judgment of the district court, the heirs were placed in possession of the Succession and, on the next day, the administrator was discharged, his bond ordered canceled, and his surety released, based upon the favorable report rendered by the expert appointed by the court; and that no accounting was given by the administrator for the period from November 20, 1935, to July 22, 1936, of the proceeds of the sale of the stocks and bonds, nor of rents and funds collected by him since the filing of the purported final account, amounting to approximately $200 per month, or $1,800, at the time the suit was filed.

The basis of the exceptions of no cause or right of action is that the administrator having been discharged by an order of a court of competent jurisdiction, the lower court was without jurisdiction of an action to contest the account of the administrator and, therefore, the heirs who were placed in possession of the Succession had neither a right or cause of action to set aside such an order in the absence of fraud or error.

The Revised Civil Code provides that, "when the heirs, or other persons having a right to a succession, present themselves, or send their powers of attorney to claim it, they are bound to cause themselves to be recognized as such, and shall be put into possession by the judge of the place where the succession is opened, after having cited the curator who has been appointed for the succession." Article 1193. And that *"as soon as the heir or his attorney in fact has been thus put into possession, * * * the curator is bound*

*to render a faithful and exact account of his administration to him, and to pay the balance due."* Article 1194 (Italics ours.)

Under the subject-matter "Mode of Proceeding in Probate Courts" of the Revised Code of Practice, it is provided by article 1003 that *"if from the examination of the testimony produced in support of the prayer, the judge discovers that the petitioners are entitled to the succession, he shall put them in possession of it, and shall direct the curator or executor to render an account within a reasonable time to be fixed by him."* (Italics ours.)

■ It was held in the Succession of Landry, 117 La. 193, 198, 41 So. 490, 492, that:

"The judgment recognizing the heirs, and decreeing that they were entitled to receive the estate from the executrix, did not close the succession. *Even a judgment ordering the heirs to be put in possession must be accompanied by an order directing the succession representative to render an account, which the heirs or creditors may oppose."* (Italics ours.)

In the case of Succession of Wiemann, 106 La. 387, 30 So. 893, the minor heirs of the decedent ruled the defendant into court to show cause why he should not file an account of his administration, and, as in the case at bar, the defendant filed exceptions of no cause or right of action, based on the grounds, among others, "that the record shows that the heirs were recognized and sent into possession of all the property of the succession by a judgment duly recorded in the conveyance

office in 1895, and that thereby the succession has been closed and has ceased to exist." And the court held that *"a judgment closing a succession and sending the heirs into possession is nothing more than an order to the administrator to render an account to the heirs, and to surrender possession to them."* (Italics ours.)

The court, in the case of the Succession of Anais Plantevignes, Wife of Lovel Ledoux, 28 La.Ann. 562, clearly expressed the view that the discharge of an administrator who failed to comply with the articles of the Code would be set aside and, in disposing of that issue, said:

"As the account filed only includes part of the assets of the succession, the court a aqua manifestly erred in accepting it as a final account and ordering the administrator to be discharged from further duty."

And, in the Succession of Ott, 182 La. 850, 162 So. 642, 643, we held unqualifiedly that a judgment, discharging an administrator and canceling her bond, was illegally and improvidently granted pending the trial of an unliquidated claim against the succession without retaining in her hands the amount of the claim until its validity could be settled by a definitive judgment, under the provisions of articles 1182 and 1185 of the Revised Civil Code, and that the creditor could not thereby "be precluded from pursuing its suit against the administratrix because she obtained a judgment to which she was not legally entitled."

■ We are, therefore, of the opinion that it was the duty of the adminis-

trator to give a full and complete account of his administration from the date of the filing of the purported final account, and while the heirs of age may waive the formalities incidental to the filing of the final account, in the absence of any positive evidence of such a waiver by the heirs, the ex parte order of the court, discharging the administrator, canceling his bond, and releasing his surety was unauthorized and without legal effect.

For the reasons assigned, the judgment of the district court, sustaining the exceptions of no cause or right of action, is annulled and set aside, and it is now ordered, adjudged, and decreed that the case be and it is hereby remanded to the lower court to be proceeded with according to law and consistent with the views herein expressed; appellee to pay the costs of appeal, all other costs to await the final disposition of the case.