Plaintiffs instituted this suit to set aside the judgment placing the residuary legatee in possession of the property of the late Henry Uthoff on the ground that the legatee failed to make any provision for the satisfaction of their unliquidated claims against Uthoff's succession which are in litigation.
The defendant filed a number of exceptions, the only ones which did not pass out of the case in the lower court being those of lis pendens and of no cause and no right of action. From the judgment of the lower court maintaining the plea of lis pendens and dismissing their suit, the plaintiffs have appealed.
After the appeal was lodged here, the defendant-appellee filed a motion to have the same dismissed on several grounds which, from her brief, are found to be substantially as follows: (1) That all of the parties in interest are not before the court, the motion for appeal having been made by Mrs. Charles J. Uthoff and Charles J. Uthoff, *Page 895 
Jr., only, although the suit was filed by Mrs. Charles J. Uthoff individually and as tutrix of the minor Marian R. Uthoff and Charles J. Uthoff, Jr., and judgment rendered against all three; (2) that the appeal is from a judgment not to be found in the record since it is averred in the motion that the appeal is being taken from a judgment rendered on April 19, 1940, and signed on April 25, 1940, whereas the only judgment rendered on April 19, 1940, was signed on April 30, 1940; (3) that the suspensive appeal was made returnable to the Supreme Court in spite of the fact that the plaintiffs moved for an appeal to the Court of Appeal for Orleans Parish; (4) that the bond is defective and not binding on the surety because although it is declared to be executed in pursuance to a devolutive appeal taken by the plaintiffs from a final judgment it is impossible to determine which of three separate judgments found in the record it is intended to cover; it is not dated; it is not signed; and the name of Charles J. Uthoff does not carry with it the "Jr." found in the motion for the appeal and the order granting a suspensive
appeal; (5) that the record fails to show what interest, if any, the appellants have in Uthoff's succession, whether as heirs, creditors, or otherwise.
 On the Motion to Dismiss.
Appellee has cited no authority, and we know of none, supporting her contention that an appeal must be dismissed when any of several parties whose suit has been dismissed fails to perfect the appeal.
A mere reading of the second and third reasons assigned as grounds for the *Page 896 
dismissal of the appeal clearly shows they are errors or irregularities in the motion and order of appeal which appellee is presumed to have waived when she failed to file her motion within three days after the transcript of the appeal was lodged in this court. O'Reilly v. McLeod, 2 La.Ann. 138; Hall v. Nevill, 3 La.Ann. 326; Mitchell v. Lay, 4 La.Ann. 514; Boykin v. O'Hara, 6 La.Ann. 115; Creevy v. Breedlove, 12 La.Ann. 745; Dumonchel's Widow v. Lemerick, 21 La.Ann. 30; Long v. Kee, 44 La.Ann. 309, 10 So. 854; Naghten v. Wife, 48 La.Ann. 799, 19 So. 762; Saxon v. Southwestern Brick Tile Mfg. Co., 113 La. 637, 37 So. 540; Bradshaw v. Knoll, 132 La. 829, 61 So. 839; and Esparros v. Vicknair, 191 La. 193, 184 So. 745.
The fourth ground urged for the dismissal of the appeal is also without merit. The record shows the bond is signed on its face by Mrs. Charles J. Uthoff individually and as tutrix; also by Charles J. Uthoff. It is signed by the surety in an affidavit. Furthermore, Act No. 112 of 1916 provides in Section 9 that "no appeal shall be dismissed * * * on account of any error in the amount of the bond, or for any inaccuracy or omission in the bond, or for the insufficiency of any surety, or sureties, on said bond, until the party furnishing such bond shall have failed to correct the error, inaccuracy or omission, or to have furnished, supplemental or additional bond, or surety or sureties, as hereinabove provided." Section 3 of the Act, as amended by Act No. 284 of 1928, designated the procedure which must be followed by the one contesting an appeal bond, and provides *Page 897 
further that "should any bond be declared invalid for any reasonwhatsoever, the party furnishing such bond shall have the right,within four judicial days thereafter, to furnish a new bond * * *." (Italics ours.) See Irish Levy Electric Co. v. Moss,176 La. 882, 147 So. 22; Harnischfeger Sales Corp. v. Sternberg Co.,177 La. 373, 148 So. 440; Hammond State Bank Trust Co. v. Hammond Box Veneer Co., 177 La. 849, 149 So. 498; and Paramount Wood Products Co. v. Colonial Fire Underwriters, 180 La. 886,158 So. 7.
Whether or not the record fails to show appellants have an interest in the succession of Henry Uthoff is a matter that must be referred to the merits of the case and cannot be considered in the motion to dismiss the appeal.
For these reasons the motion to dismiss is overruled.
 On the Merits.
Henry Uthoff died testate on September 9, 1938, leaving an olographic will making special bequests to his sister Mrs. M.U. Sextro and to his brother, Charles J. Uthoff (who predeceased him), and making his sister Adele Uthoff the residuary legatee and executrix of his estate. He was never married and left surviving him neither ascendants nor descendants. After the will was admitted to probate the testamentary executrix qualified and caused an inventory to be made of the succession property (consisting principally of vacant lots) which was appraised at $109,324.56. Under authority of the court all of the movable property of the estate was sold at public auction and certain pieces of real estate were sold at private *Page 898 
sale in order to pay debts of the succession. On the petition of the residuary legatee, with the written consent of the remaining creditors, she was placed in possession of the property left by the deceased by judgment of the court dated June 23, 1939. The following July 6, on the motion of Mrs. Charles J. Uthoff, individually and as natural tutrix of Marian R. and Charles J. Uthoff, Jr. (the widow and heirs of the deceased brother, Charles J. Uthoff), the residuary legatee was ruled to show cause why the judgment placing her in possession of her brother's estate should not be set aside. She excepted to the procedure by rule, and her exception was maintained by judgment dated October 3, 1939. The plaintiffs then filed this direct action to set aside the judgment placing the residuary legatee in possession of the succession property. It is from the judgment dismissing their suit that the plaintiffs are appealing.
From the allegations of plaintiffs' petition it appears they are urging the nullity and invalidity of the judgment because the testamentary executrix, who is also the residuary legatee, secured it (the judgment) without making any provision for the settlement and satisfaction of their claims for an accounting, collation, and partition pending in litigation in Division "C" of the Civil District Court for the Parish of Orleans. To support this conclusion they rely on the holding in the case of Succession of Ott, 182 La. 850, 162 So. 642, which is stated in the case af Succession of Braun, 187 La. 185, 174 So. 257, 258, to be to the effect "* * * that a judgment, discharging an administrator and canceling her bond, was *Page 899 
illegally and improvidently granted pending the trial of an unliquidated claim against the succession without retaining in her hands the amount of the claim until its validity could be settled by a definitive judgment, under the provisions of articles 1182 and 1185 of the Revised Civil Code, and that the creditor could not thereby `be precluded from pursuing its suit against the administratrix because she obtained a judgment to which she was not legally entitled.'"
In this case we are dealing with a testate succession. Therefore Articles 1182 and 1185 of the Revised Civil Code are inapplicable because they are found in Chapter 8 of Book III, Title I, which chapter is entitled "Of the Administration of Vacant and Intestate Successions." The issues involved in this case are governed by the articles found in Title II of Book III of the Revised Civil Code headed "Of Donations Inter Vivos * * * and Mortis Causa." The pertinent article (1671) under this heading provides that "The heirs [which includes a residuary legatee] can, at any time, take seizin from the testamentary executor, on offering him a sum sufficient to pay the movable legacies and on complying with the requirements of Article 1012." (Brackets ours.) From Article 1012 we find that before the heirs can obtain possession of any property of the succession which may be in litigation, or can receive any money of the succession which may be in litigation, they must give bond, if required to do so by the plaintiffs in such suits. Succession of Fisk, 3 La.Ann. 705; Bird v. Succession of Jones, 5 La.Ann. *Page 900 
643; Dreyfus v. Richardson May, 33 La.Ann. 602; Succession of Duffy, 50 La.Ann. 795, 24 So. 277; Succession of Manion,143 La. 799, 79 So. 409; and Succession of Marinoni, 192 La. 751,189 So. 124. See, also, Articles 1659, 1660, and 1670 of the Revised Civil Code.
While it is alleged in plaintiffs' petition that the proceedings pending in Division "C" are made a part thereof, they were not to be found in the record, and there is nothing therein to indicate in what succession the accounting, collation, and partition are being demanded nor the status and condition of the estate. We do find, however, a reference in appellee's brief that plaintiffs' claims against decedent pending in Division "C" of the Civil District Court are with reference to the succession of Mrs. Maria Ringrose Uthoff, mother of Henry Uthoff (deceased), Adele Uthoff (defendant here), and grandmother of the minors, Marian and Charles J. Uthoff (children and heirs of a predeceased son Charles). Of course, if the proceedings pending in Division "C" are for a collation with respect to Henry Uthoff's succession, they are unauthorized because collation "is confined to children or descendants succeeding to their fathers and mothers or other ascendants * * * therefore * * * cannot be demanded by any other heir * * *." Article 1235, Revised Civil Code.
But assuming that the suit pending in Division "C" is for an accounting, collation, and partition against the late Henry Uthoff in the succession of his mother, Mrs. Ringrose, as is stated in appellee's brief, the Revised Civil Code provides that *Page 901 
"Collations are made in kind or by taking less," [Article 1251,] at the option of the donee if he was given an immovable and the same is in his possession at the time of the partition, "unless the donor has imposed on him the condition of making the collation in kind * * *," [Article 1255,] and in the case of movables, the heir "is bound to collate for them by taking less, according to their appraised value at the time of the donation * * *," [Article 1283], and that, "If there are no effects in the succession, or [if the effects are] not sufficient to satisfy the heirs to whom the collation is due, the amount of the collation, or the balance due on it, shall be paid them by the heir who owes the collation." Article 1277 (Brackets ours.). See, also, Article 1287. Moreover, such heirs have one year to pay the same upon giving the security required in Articles 1278 and 1288 of the Revised Civil Code.
The petition in the instant case is barren of any allegation to the effect that the result of the accounting and collation sought in Division "C" of the Civil District Court will show decedent's succession is indebted to the plaintiffs; there is no allegation that the property or effects remaining in that succession are insufficient to satisfy plaintiffs' claims, the only allegation being that the claims in the pending suit are not liquidated. We therefore conclude that plaintiffs' petition fails to disclose a cause of action.
For the reasons assigned the judgment of the lower court dismissing plaintiffs' suit is affirmed at their cost.
O'NIELL, C.J., does not take part. *Page 902