JANVIER, Judge.
Plaintiff, Evangel N. Anagnosti, sustained personal injuries while a. passenger in a taxicab which came into collision with another taxicab. He brought this suit for damages, seeking solidary judgment against Toye Bros. Yellow Cab Company, a partnership, and the individual members thereof, and also against Lawrence Dudley, the owner of the other taxicab, and Nola Cabs, Inc., which corporation had issued a bond to Lawrence Dudley under the taxicab ordinance of the City of New Orleans, and Louis Sleeper, the operator of the cab of Dudley. He obtained solidary judgment for $2,308.10 against Toye Bros. Yellow Cab Company and the individual members of the said partnership; Lawrence Dudley, Nola Cabs, Inc., and Louis Sleeper.
All of the defendants filed motions for suspensive appeals and obtained orders granting said appeals upon the furnishing of bond according to law.
Toye Bros. Yellow Cab Company and the individual members of that partnership filed a bond which has not been attacked, but the other defendants, Nola Cabs, Inc., Lawrence Dudley and Louis Sleeper, filed a document intended to be an appeal bond, and this document is now under attack, plaintiff-appellee having filed a motion to dismiss the appeal on the ground that the said bond is defective and, in fact, amounts to no bond at all.
The document referred to is on a printed form obtained from the Clerk of the Civil District Court for the Parish of Orleans. It apparently bears the correct title and number, and it states that the principals, Nola Cabs, Inc., Lawrence Dudley and Louis Sleeper and the surety, Walter Smith, are held and bound for the payment of the said judgment. The blank space in which there should have been written the day of the month on which the document was signed was not filled in, though the other blanks providing for the insertion of the date were filled in — one of them with the month “April”, and the other with the date “One Thousand Nine Hundred and Fifty-one”. The document is signed only by Nola Cabs, Inc., per Walter Smith, Pres. *876 It also bears the signatures of two witnesses. On the reverse is the affidavit of the surety, in which he states that, over and above all his obligations, he is worth-dollars. This affidavit is signed by Walter Smith who, on the face of the document, is designated as surety, and by a notary public, and it is dated April 16th, 1951.
The affidavit of the principal is signed by Nola Cabs, Inc., Walter Smith, Pres., and is also signed by a notary public under date of April 16th, 1951.
In the motion to dismiss the appeal, plaintiff-appellee states that the said defendants, Nola Cabs, Inc., Lawrence Dudley and Louis Sleeper, have filed no appeal bond whatever, since the bond is not signed by the principal nor by the surety, and since, in the affidavit which is signed by the surety, the statement as to his worth over and above his obligations is left blank. In' answer to the motion to dismiss the appeal, the said appellants contend that the appeal should not be dismissed since, under “Act 284 of 1928, defendants-appellants have a right, in the event any bond should be declared invalid for any reason whatsoever, to furnish a new bond within four judicial days, * *
The appellants, with their answer to the motion to dismiss the appeal, filed a new bond which has not been attacked, though the appellee maintains that, since no bond was filed within the time prescribed, this new bond can be given no effect.
Our attention is directed to the decision of the Supreme Court in Succession of Uthoff, 196 La. 892, 200 So. 290, 292. There the defendant-appellant filed a document purporting to be an appeal bond, which did not bear the signature of the surety. The surety, however, did sign the affidavit before a notary public. The Supreme Court said: “The record shows the bond is signed on its face by Mrs. Charles J. Uthoff individually and as tutrix; also by Charles J. Uthoff. It is signed by the •surety in an affidavit. Furthermore, Act No. 112 of 1916 provides in Section 9 {LSA-RS 13:4579] that ‘no appeal shall be ■dismissed * * * on account of any error in the amount of the bond, or for any inaccuracy or omission in the bond, or for the insufficiency of any surety, or sureties, on said bond, until the party furnishing such bond shall have failed to correct the error, inaccuracy or omission, or to have furnished, supplemental or additional bond, or surety or sureties, as hereinabove provided.’ Section 3 of the Act, as amended by Act No. 284 of 1928 [LSA-RS 13:4573], designated the procedure which must be followed by the one contesting an appeal bond, and provides further that ‘should any bond be declared invalid for any reason whatsoever, the party furnishing such bond shall have the right, within four judicial days thereafter, to furnish a new bond * * (Italics ours.) See Irish Levy Electric Co. v. Moss, 176 La. 882, 147 So. 22; Harnischfeger Sales Corp. v. Sternberg Co., 177 La. 373, 148 So. 440; Hammond State Bank & Trust Co. v. Hammond Box & Veneer Co., 177 La. 849, 149 So. 498; and Paramount Wood Products Co. v. Colonial Fire Underwriters, 180 La. 886, 158 So. 7.”
Counsel for plaintiff-appellee maintain that the act of 1928 cannot save the situation here for the reason that, as a matter of fact, there is no bond at all in this case since the amount of the bond is not set forth, the bond is not dated, and does not bear the signatures of the appellants, and for the further reason that even the affidavit of the surety is incomplete. And they direct attention to two earlier decisions in which somewhat similar situations were involved, to-wit; Marine Bank & Trust Co. v. Martel, 3 La.App. 639, and Durrett Hardware & Furniture Co. v. Howze, La.App., 174 So. 205.
The first of these, Marine Bank & Trust Co. v. Martel, was decided by the Court of Appeal for the First Circuit in 1926 prior to the passage of Act 284 of 1928, now RS 13 ¡4571-4581. It was held in that case that the appeal should be dismissed for the reason that the surety furnished did not reside within the jurisdiction of the court as required by Act 67 of 1876 and that therefore there was no question of error, inaccuracy, omission, or insufficiency of surety, but, in fact, no surety at all.
*877 However, that same contention seems to have been presented to the Supreme Court in Stewart v. Clay, 166 La. 278, 117 So. 147, and there the Supreme Court held that the fact that the surety did not reside within the jurisdiction of the Court which had rendered the judgment did not make it necessary that the appeal should he dismissed. The Supreme Court held that the appeal was protected by the provisions of Act 112 of 1916 which, at that time, was applicable, saying that legislation regulating the form and effect of bonds in judicial proceedings and providing for the correction of errors therein is remedial and should he liberally interpreted.
In the other case cited, Durrett Hardware & Furniture Co. v. Howze, supra, it appears that the only thing filed — which in, any way resembled a bond, was a blank document not signed by either the principal or the surety, and the Court held that no bond at all had been filed.
We think that in the case at bar the situation is practically identical with that which the Supreme.Court found in the Succession of Uthoff, supra, and in which that Court held that a bond, signed by the principal and on which the affidavit was signed by the surety, was sufficient and that the appeal could not be dismissed except in accordance with the provisions, of Section 3 of Act 284 of 1928, LSA-RS'13:4S73.
In a supplemental brief, filed in support of a motion to dismiss, counsel for appellee suggest that we should not follow the decision of the Supreme Court in the Succession of Uthoff for the reason that the various contentions made here were not presented to the Supreme Court in that case. They say: .“An examination of the opinion and record in that case shows that no particular point was made of the fact that the surety did not sign the bond on its face, * * We cannot agree with this. The decision was based primarily on the fact that though the bond was not signed by the surety, the affidavit was so signed.
The case cannot be distinguished merely on the ground that the Supreme Court, in the Uthoff case, did not go into a lengthy discussion of this question. The case is controlled by Succession of Uthoff. See, also, Smith v. Phillips, 168 La. 406, 122 So. 126 and Iowa Cord Tire Co. v. Cheape, 162 La. 935, 111 So. 333.
Since we believe that the facts of this case bring it within the rule followed in Succession of Uthoff, the motion to dismiss the appeal is overruled.
Motion to dismiss overruled.